James D. RIGGS, Respondent
Below, Appellant,

v.

Linda L. RIGGS, Petitioner
Below, Appellee.

Supreme Court of Delaware.

Submitted: Jan. 13, 1988.
Decided: Feb. 23, 1988.
Rehearing Denied March 28, 1988.
Motion for Reargument Granted
March 28, 1988.

Joseph W. Benson, Wilmington, for appellant.

Gerald Z. Berkowitz, of Berkowitz, Greenstein, Schagrin & Coonin, P.A., Wilmington, for appellee.

Before CHRISTIE, C.J., and WALSH and HOLLAND, JJ.

HOLLAND, Justice:

The appellant, James D. Riggs ("Riggs"), has filed a motion with this Court requesting that an Order be entered to permit him to file, with the Clerk of this Court, a Notice of Appeal, even though the deadline for such filing has passed. Riggs' original Notice of Appeal was incorrectly filed by his attorney with the Clerk of the Family Court on November 18, 1987. If this had been filed properly with the Clerk of this Court on that date or within one week thereafter, it would have constituted a timely Notice of Appeal.

The attorney for the appellee acknowledges the receipt of service of Riggs' Notice of Appeal on November 18, 1987 and does not oppose the present motion. It is commendable that the appellee's attorney takes such a position. However, the parties to an appeal cannot confer jurisdiction on this Court by agreement. *Cf. Preform Building Components, Inc. v. Edwards,* Del.Supr., 280 A.2d 697, 698 (1971). This Court's Rules provide that "[a] notice of appeal shall be filed in the office of *the Clerk of this Court* as follows: (1) Within 30 days after entry upon the docket of a judgment, order or degree from which the appeal is taken in a civil case...." Supr. Ct.R. 6 (emphasis added). "It is fundamental that the appellate jurisdiction of this Court rests wholly upon the perfecting of an appeal within the period of limitations fixed by law." *Fisher v. Biggs,* Del.Supr., 284 A.2d 117, 118 (1971) (citing *Trowell v. Diamond Supply Co.,* Del.Supr., 91 A.2d

797, 801 (1952); *Casey v. Southern Corp.*, Del.Supr., 29 A.2d 174, 176–77 (1942)). *See also Preform Building Components, Inc. v. Edwards*, 280 A.2d at 698. Therefore, Riggs' present motion for an order allowing him to file a notice of appeal must be denied as untimely. *Cf. Eller v. State*, Del.Supr., 531 A.2d 951, 953 (1987).

 "Although today's decision may be harsh, all statutes of limitation and all statutory appeal requirements are, by their very nature, 'harsh' in that they arbitrarily establish jurisdictional prerequisites for initiating or maintaining a suit." *Mary A.O. v. John J.O.*, Del.Supr., 471 A.2d 993, 995 n. 4 (1983) (per curiam). When a party fails to perfect his appeal within the thirty day period mandated by statute, 10 *Del.C.* § 960(a), (c), and the Rules of this Court, Supr.Ct.R. 6, a jurisdictional defect is created which may not be excused in the absence of unusual circumstances which are not attributable to the appellant or the appellant's attorney. *Cf. Bey v. State*, Del.Supr., 402 A.2d 362, 363 (1979).

Therefore, the aforesaid motion for an order to extend the time for filing a notice of appeal is DENIED. Supr.Ct.R. 6, 34, 102(b). Furthermore, because this Court is without jurisdiction to hear this appeal, it must be DISMISSED. Supr.Ct.R. 29(b).

## ON MOTION FOR REARGUMENT

This 28th day of March, 1988, the Court has before it, the appellant's Motion for Reargument, which is unopposed. The documentary evidence attached to the Motion demonstrates that a judge of the Family Court acknowledged receipt of the "appeal papers" from the appellant, set bond for the appeal, and questioned its authority to provide further relief to the parties because the Family Court is divested of jurisdiction over a case while the matter is on appeal to this Court. *See Moore v. Moore*, Del.Supr., 144 A.2d 765, 767 (1958). *Cf. Eller v. State*, Del.Supr., 531 A.2d 951, 952 (1987).

 The Family Court did nothing to prevent the appellant from perfecting his appeal. However, the fact that the Family Court had actual possession of the original appeal papers and proceeded as if the appeal had been properly filed brings this case within the exception to the general rule set forth in this Court's opinion dismissing this appeal. *Cf. Bey v. State*, Del.Supr., 402 A.2d 362, 363 (1979). The additional documentary evidence therefore leads this Court to conclude that the interests of justice require that this appeal be accepted.

The Motion for Reargument is GRANTED and, in view of the additional facts now before this Court, the result reached in the above opinion is no longer deemed to be applicable in this case, and the Clerk of this Court will be instructed to docket the notice of appeal as if it had been timely filed. Jurisdiction of this appeal is retained.