CORRIE JOYNER, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 42, 2007.
Supreme Court of Delaware
Submitted: March 30, 2007.
Decided: May 4, 2007.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
This 4th day of May 2007, upon consideration of the notice to show cause issued to the appellant, the memorandum in support of dismissal filed by the appellee's counsel, and the appellant's response to the appellee's memorandum, it appears to the Court that:
(1) On January 31, 2007, the pro se appellant, Corrie Joyner, filed a notice of appeal from the Superior Court's denial of postconviction relief on August 7, 2006. On its face, Joyner's appeal appeared to be untimely.[1] A notice of appeal from the Superior Court's August 7, 2006 decision should have been filed on or before September 6, 2006.[2]
(2) On February 2, 2007, the Clerk issued a notice directing that Joyner show cause why the appeal should not be dismissed as untimely.[3] In his response to the notice, Joyner states that he mailed the notice of appeal on or about August 18, 2006, a date that was well within the thirty-day appeal period. Joyner explains that he mailed a second notice of appeal on January 29, 2007, when he realized that the Court must not have received the first notice.[4] In any event, Joyner maintains that the appeal should not be dismissed because the record reflects that the Superior Court Prothonotary received the notice of appeal on September 6, 2006, the last day of the appeal period.
(3) Joyner's response is without merit. ATime is a jurisdictional requirement."[5] The Clerk of this Court, or a Deputy Clerk in any county, must receive a notice of appeal within the applicable time period.[6] Filing with the Superior Court Prothonotary within the applicable time period does not constitute compliance with the jurisdictional requirement governing this Court.[7]
(4) Under Delaware law, the jurisdictional defect that was created by the untimely notice of appeal cannot be excused unless Joyner can demonstrate that the delay in filing is attributable to court-related personnel.[8] It does not appear that Joyner's case falls within the exception to the general rule that mandates the timely filing of a notice of appeal. Joyner has not demonstrated, and the record does not suggest, that court-related personnel are responsible for the untimely filing of his notice of appeal.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.
NOTES
[1] See Del. Supr. Ct. R. 6(a)(iii) (2007) (providing that a notice of appeal must be filed within thirty days of entry upon the docket of an order in any proceeding for postconviction relief).
[2] Id.
[3] Del. Supr.Ct. R. 29(b).
[4] Joyner suggests that he erred when addressing the first notice of appeal, but the address he maintains that he used is a correct mailing address for the Supreme Court's offices in Wilmington where filings are routinely accepted. Del. Supr. Ct. R. 10(a). Joyner mailed his second notice of appeal to the Clerk's Office in Dover.
[5] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[6] Del. Supr. Ct. R. 6(a), 10(a).
[7] E.g., Smith v. State, 2002 WL 31109924 (Del. Supr.) (dismissing untimely notice.
[8] See Riggs v. Riggs, 539 A.2d 163, 164 (Del. 1988) (excusing untimely notice of appeal that appellant mistakenly filed with Family Court when actions of Family Court personnel in response to notice of appeal suggested to appellant that appeal was properly filed).