SIDDIQ A. ALEEM-X, Plaintiff Below, Appellant,
v.
COMMISSIONER STAN TAYLOR and WARDEN THOMAS CARROLL§ Defendants Below, Appellees.
No. 376, 2008.
Supreme Court of Delaware.
Submitted: August 26, 2008.
Decided: September 23, 2008.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 23rd day of September 2008, upon consideration of the notice to show cause issued to the appellant and the appellant's response to the notice, it appears to the Court that:
(1) On July 24, 2008, the pro se appellant, Siddiq A. Aleem-X, filed a notice of appeal from the Court of Chancery's May 22, 2008 dismissal of his complaint.[1] On its face, Aleem-X's notice of appeal, as filed on July 24, 2008, appeared to be untimely.[2] A notice of appeal from the Court of Chancery's May 22, 2008 order should have been filed on or before June 23, 2008.[3]
(2) On July 25, 2008, the Clerk issued a notice directing that Aleem-X show cause why the appeal should not be dismissed as untimely.[4] In his response to the notice to show cause, Aleem-X states that he filed his notice of appeal with the Superior Court on June 2, 2008, well within the thirty-day appeal period.
(3) "Time is a jurisdictional requirement."[5] The Clerk of this Court, or a Deputy Clerk in any county, must receive a notice of appeal within the applicable time period.[6] Filing a notice of appeal with the Superior Court within the applicable time period does not constitute compliance with the jurisdictional requirement governing this Court.[7]
(4) Under Delaware law, the jurisdictional defect that was created by the untimely notice of appeal cannot be excused unless Aleem-X can demonstrate that the delay in filing was attributable to court-related personnel.[8] It does not appear that Aleem-X's case falls within the exception to the general rule that mandates the timely filing of a notice of appeal. Aleem-X has not demonstrated, and the record does not suggest, that court-related personnel are responsible for the untimely filing of his notice of appeal.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.
NOTES
[1] Aleem-X initially filed the complaint with the Superior Court; however, by order dated August 3, 2006, the Superior Court dismissed the complaint in part and transferred the balance of the complaint, which sought injunctive relief, to the Court of Chancery pursuant to title 10, section 1902 of the Delaware Code. Aleem-X v. Taylor, Del. Super., C.A. No. 05M-10-051, Silverman, J. (Aug. 3, 2006) (order).
[2] See Del. Sup. Ct. R. 6(a)(i) (providing that a notice of appeal in a civil case must be filed within thirty days of the entry upon the docket of the order from which the appeal is taken).
[3] Id.
[4] Del. Supr. Ct. R. 29(b).
[5] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[6] Del. Supr. Ct. R. 6(a), 10(a).
[7] E.g., Smith v. State, 2002 WL 31109924 (Del. Supr.). (dismissing untimely notice of appeal the appellant initially filed in error with the Superior Court).
[8] See Riggs v. Riggs, 539 A.2d 163, 164 (Del. 1988) (excusing untimely notice of appeal that appellant mistakenly filed with Family Court when actions of Family Court personnel in response to notice of appeal suggested to appellant that appeal was properly filed).