LAWRENCE BENNER, Plaintiff Below, Appellant,
v.
CORRECTIONAL MEDICAL SERVICES, Defendant Below, Appellee.
No. 89, 2009.
Supreme Court of Delaware.
Submitted: March 20, 2009.
Decided: May 22, 2009.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
Myron T. Steele, Chief Justice.
This 22nd day of May 2009, upon consideration of the Clerk's notice to show cause why this appeal should not be dismissed as untimely filed, the appellant's response to the notice to show cause, and the State's memorandum in support of dismissal, it appears to the Court that:
(1) On February 23, 2009, the appellant, Lawrence Benner, filed a notice of appeal from the Superior Court's January 21, 2009 dismissal of his civil complaint. On its face, Benner's notice of appeal appeared to be untimely.[1] A notice of appeal from the Superior Court's January 21, 2009 dismissal should have been filed on or before February 20, 2009.[2]
(2) On February 24, 2009, the Clerk issued a notice directing that Benner show cause why the appeal should not be dismissed as untimely.[3] In his response to the notice to show cause, Benner states that he filed his notice of appeal with the Superior Court in early February 2009, well within the thirty-day appeal period.
(3) "Time is a jurisdictional requirement."[4] The Clerk of this Court, or a Deputy Clerk in any county, must receive a notice of appeal within the applicable time period.[5] Filing a notice of appeal with the Superior Court within the applicable time period does not constitute compliance with the jurisdictional requirement governing this Court.[6]
(4) Under Delaware law, the jurisdictional defect that was created by the untimely notice of appeal cannot be excused unless Benner can demonstrate that the delay in filing was attributable to court-related personnel.[7] It does not appear that Benner's case falls within the exception to the general rule that mandates the timely filing of a notice of appeal. Benner has not demonstrated, and the record does not suggest, that court-related personnel are responsible for the untimely filing of his notice of appeal.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.
NOTES
[1] See Del. Sup. Ct. R. 6(a)(i) (providing that a notice of appeal in a civil case must be filed within thirty days of the entry upon the docket of the order from which the appeal is taken).
[2] Id.
[3] Del. Supr. Ct. R. 29(b).
[4] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[5] Del. Supr. Ct. R. 6(a), 10(a).
[6] E.g., Smith v. State, 2002 WL 31109924 (Del. Supr.). (dismissing untimely notice of appeal that appellant initially filed in error with the Superior Court).
[7] See Riggs v. Riggs, 539 A.2d 163, 164 (Del. 1988) (excusing untimely notice of appeal that appellant mistakenly filed with Family Court when actions of Family Court personnel in response to notice of appeal suggested to appellant that appeal was properly filed).