TYRONE GUY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
TYRONE GUY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
Nos. 500, 2008, 532, 2009
Supreme Court of Delaware.
Submitted: September 17, 2009.
Decided: September 28, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
Carolyn Berger, Justice.
This 28th day of September 2009, the Court has considered the pro se appellant's response to the notice to show cause issued in appeal No. 532, 2009, the State's answer to that response, and the State's motion to remand appeal No. 500, 2008, and it appears to the Court that:
(1) In September 2008, the appellant, Tyrone Guy, filed an appeal, No. 500, 2008, from the Superior Court's denial of his first motion for postconviction relief. It appears that Guy was represented by counsel in the Superior Court and is proceeding with the same counsel on appeal.
(2) In July 2009, Guy, appearing pro se, filed a second motion for postconviction relief. Guy sought relief on the basis of this Court's opinion issued on February 17, 2009 in Allen v. State.[1] The Superior Court denied Guy's motion on the basis that appeal No. 500, 2008 was pending in this Court. Thereafter, Guy filed a pro se appeal, No. 532, 2009, from that decision.
(3) On September 10, 2009, the Clerk issued a notice directing that Guy show cause why appeal No. 532, 2009 should not be dismissed as untimely filed.[2] In response, Guy states that the delay should be excused because he mailed his appeal within the thirty-day appeal period.
(4) Guy's response is unavailing. The jurisdictional defect that is created by the untimely filing of a notice of appeal cannot be excused "in the absence of unusual circumstances which are not attributable to the appellant or the appellant's attorney."[3] Guy has not demonstrated that the delay in filing appeal No. 532, 2009 was due to unusual circumstances.[4] Accordingly, the Court has no jurisdiction to consider the appeal.
(5) On September 17, 2009, the State filed an answer and motion to remand. The State supports the dismissal of appeal No. 532, 2009 and seeks to remand appeal No. 500, 2008 "for the filing of a second postconviction motion with the assistance of counsel." According to the State, "[i]n the interest of justice and judicial economy, consolidation and resolution of [Guy's Allen claim] with [appeal] No. 500, 2008 would be appropriate." Guy's counsel in appeal No. 500, 2008 consents to the remand requested by the State.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 19(c), that the State's motion to remand in appeal No. 500, 2008 is GRANTED. This matter is remanded to the Superior Court for the filing of a second postconviction motion with the assistance of counsel. Briefing in appeal No. 500, 2008 is STAYED. Jurisdiction is retained.
IT IS FURTHER ORDERED, pursuant to Supreme Court Rules 6 and 29(b), that appeal No. 532, 2009 is DISMISSED.
NOTES
[1] See Allen v. State, 970 A.2d 203 (Del. 2009) (reversing judgments of conviction and remanding for a new trial).
[2] Guy's appeal from the Superior Court's August 7, 2009 order was filed on September 9, 2009. See Del. Supr. Ct. R. 6(a) (providing for thirty-day appeal period).
[3] Riggs v. Riggs, 539 A.2d 163, 164 (Del. 1988).
[4] See Deputy v. Roy, 2004 WL 1535479 (Del. Supr.) (citing Carr v. State, 554 A.2d 778, 779 (Del. 1989) (dismissing untimely appeal after concluding that delay in prison mail system cannot enlarge jurisdictional appeal period).