VIRGINIA FOLEY, Plaintiff Below, Appellant,
v.
WASHINGTON GROUP INTERNATIONAL, INC., as Successor to RAYTHEON CONSTRUCTORS, INC., as Successor to UE&C-CATALYTIC, INC., as Successor to CATALYTIC INC., as Successor to CATALYTIC CONSTRUCTION COMPANY, and
4520 CORP., INC., Successor-In-Interest to BLOUNT DEVELOPMENT CORP., MOCENPLAZA DEVELOPMENT CORP. and BENJAMIN F. SHAW COMPANY, Defendants Below, Appellees.
No. 511, 2009.
Supreme Court of Delaware.
Submitted: October 16, 2009.
Decided: November 4, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
Carolyn Berger, Justice
This 4th day of November 2009, upon consideration of the appellees' motion to dismiss, the appellant's response to the motion and the appellees' reply, it appears to the Court that:
(1) In July 2007, the appellant, Virginia Foley, brought an asbestos-related personal injury complaint in the Superior Court. Foley named dozens of defendants in the complaint.
(2) On June 11, 2009, the Superior Court granted summary judgment to defendants Washington Group ("Washington") and 4520 Corp. ("4520"). On June 19, 2009, Foley settled her claims against the remaining defendants.
(3) On July 24, 2009, the Superior Court entered its June 11, 2009 judgment as a final judgment pursuant to Superior Court Civil Rule 54(b) ("Rule 54(b)"). On August 4, 2009, the Superior Court entered a "final order as to all defendants."
(4) On September 1, 2009, Foley filed a notice of appeal from the Superior Court's order of August 4, 2009. Foley named Washington and 4520 as appellees.
(5) Washington and 4520 have filed a motion to dismiss Foley's appeal on the basis that it was filed more than thirty days after the July 24, 2009 order. Foley opposes dismissal, arguing that the July 24, 2009 order was not a final judgment as to all defendants.
(6) The July 24, 2009 order, which was entered pursuant to Rule 54(b), was a final judgment as to Washington and 4520.[1] Thus, Foley was required to file her notice of appeal as to Washington and 4520 within thirty days of the docketing of the July 24, 2009 order, i.e., by August 24, 2009.[2] Foley did not file her appeal until September 1, 2009.
(7) "When a party fails to perfect a timely appeal, `a jurisdictional defect is created which may not be excused in the absence of unusual circumstances which are not attributable to the appellant or the appellant's attorney.'"[3] In this case, Foley has not demonstrated that the untimely filing of the appeal is not attributable to her attorney. Accordingly, the appeal will be dismissed.
NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED, and this appeal is DISMISSED.
NOTES
[1] See Del. Super. Ct. Civ. R. 54(b) (providing that the Superior Court may direct the entry of a final judgment upon fewer than all claims or parties upon express determinations that there is no just reason for delay and for the entry of judgment).
[2] Del. Supr. Ct. R. 6(a)(i). Cf. Giordano v. Marta, 723 A.2d 833, 836 (Del. 1998) (providing that "the appellant was on notice that the time for appeal would begin to run as soon as the . . . Rule 54(b) final judgment was docketed").
[3] Giordano v. Marta, 723 A.2d 833, 837 (Del. 1998) (quoting Riggs v. Riggs, 539 A.2d 163, 164 (Del. 1988)).