DAVID GOLDSBOROUGH, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 197, 2010.
Supreme Court of Delaware.
Submitted: May 5, 2010.
Decided: June 1, 2010.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 1st day of June 2010, it appears to the Court that:
(1) On April 9, 2010, the Court received appellant David Goldsborough's notice of appeal from the Superior Court's order, dated June 19, 2009, which sentenced Goldsborough to life imprisonment following his guilty plea to a charge of first degree murder. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before July 20, 2009.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing Goldsborough to show cause why the appeal should not be dismissed as untimely filed.[1] Goldsborough filed a response to the notice to show cause on April 26, 2009. He asserts that his counsel told him that an appeal would be filed within 30 days. His trial counsel, however, has provided an affidavit affirming that he did not tell Goldsborough that he would file an appeal. Moreover, if Goldsborough had requested that an appeal be filed, counsel would have informed him that, in light of his guilty plea, there was no basis to appeal.
(3) The State has filed a reply to Goldsborough's response. The State points out that the untimely filing of an appeal can only be excused if the delay is attributable to "court-related personnel," and Goldsborough's counsel is not "court-related personnel." Moreover, the State asserts that it would not be appropriate to remand this case for resentencing because: (i) there was no error by Goldsborough's counsel; (ii) Goldsborough pled guilty and thus there is no basis for an appeal; and (iii) Goldsborough's delay of nearly a year in filing his pro so notice of appeal belies his claim that he desired to appeal in a timely way.
(4) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(5) There is nothing in the record to substantiate Goldsborough's claim that his failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(ii).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10 (a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).