IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHANNON WATTERSON, | § | |
| | § | No. 16, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1211021824 |
| Appellee. | § | |

Submitted: June 23, 2014
Decided: June 27, 2014

Before **STRINE,** Chief Justice, **BERGER** and **RIDGELY,** Justices.

## O R D E R

This 27th day of June 2014, upon consideration of the appellee's motion to dismiss and the appellant's response to the motion, it appears to the Court that:

(1) On September 16, 2013, the appellant, Shannon Watterson, pled guilty, with the assistance of defense counsel, to Assault in the Second Degree and misdemeanor Endangering the Welfare of a Child. On December 6, 2013, the Superior Court sentenced Watterson to a total of nine years at Level V suspended after five years and one month for two and one-

half years at Level IV suspended after six months for decreasing levels of supervision.

(2)     On January 9, 2014, Watterson, acting *pro se*, filed a notice of appeal from the December 6, 2013 sentence.  Upon receipt of Watterson's *pro se* appeal, the Clerk directed Watterson's defense counsel to recognize counsel's continuing obligation to represent Watterson on appeal by filing a formal notice of appeal, if appropriate, on or before January 21, 2014. Watterson's defense counsel (hereinafter "Counsel") filed a formal notice of appeal on January 20, 2014.

(3)     On June 11, 2014, the appellee, State of Delaware, filed a motion to dismiss the appeal as untimely filed.  The State alleged that the notice of appeal should have been filed no later than January 6, 2014 and was not.  In response to the motion to dismiss, Watterson's Counsel "does not dispute the factual or legal assertions set forth in the Motion to Dismiss."

(4)     The appellate jurisdiction of this Court rests upon perfecting an appeal with the applicable time period.[1]  In a direct appeal of a criminal conviction, a notice of appeal must be filed "within 30 days after a sentence is imposed."[2]

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] Del. Supr. Ct. R. 6(a)(ii).

(5)     In Delaware, the jurisdictional defect that is created by the untimely filing of a notice of appeal cannot be excused "in the absence of unusual circumstances which are not attributable to the appellant or the appellant's attorney."[3]     An untimely appeal cannot be considered unless an appellant can demonstrate that the failure to timely file a notice of appeal is attributable to court-related personnel.[4]

(6)     In this case, Watterson's notice of appeal should have been filed on or before January 6, 2014, and was not filed until January 9, 2014. As a result, the appeal was untimely filed.  Moreover, because Watterson's Counsel does not contend, and the record does not reflect, that the untimeliness of the appeal is attributable to court-related personnel, the appeal must be dismissed.

(7)     Under the unique circumstances of this case, when Counsel had a continuing obligation to appeal if that was Watterson's desire, we conclude that this matter should be remanded to the Superior Court to determine if Watterson consulted with Counsel and expressed a desire to appeal.[5]  If the Superior Court determines that Watterson told Counsel that she wanted to

---

[3] *See Honaker v. State*, 2006 WL 298165 (Del. Feb. 6, 2006) (quoting *Riggs v. Riggs*, 539 A.2d 163, 164 (Del. 1988)).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] *See* Del. Supr. Ct. R. 26(a) (providing for continuing obligation of and representation by counsel on appeal).

appeal, the Superior Court should vacate its December 6, 2013 sentencing order and resentence Watterson, with the assistance of new counsel, so that a timely appeal might be filed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the motion to dismiss is GRANTED. This appeal is DISMISSED as untimely filed and REMANDED to the Superior Court for further proceedings in accordance with this Order. Jurisdiction is not retained.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice