IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANGEL G. GALINDEZ, | § | |
| | § | No. 538, 2014 |
| Appellant Below-Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| ALLEN FAMILY FOODS, | § | in and for Sussex County |
| | § | C.A. No. S12A-11-001 |
| Appellee Below-Appellee. | § | |
| | § | |

Submitted: September 30, 2014
Decided: October 13, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

# **O R D E R**

This 13th day of October 2014, it appears to the Court that:

(1)    On September 23, 2014, the Court received appellant Angel Galindez's notice of appeal from "various" orders of the Superior Court issued in Civil Action No. S12A-11-001.  The Superior Court docket in that case reveals that, on January 4, 2014, the Superior Court dismissed Galindez's appeal from an interlocutory ruling of the Industrial Accident Board.  The Superior Court also refused Galindez's attempt to reopen his appeal.

(2)    The Senior Court Clerk issued a notice to Galindez to show cause why the appeal should not be dismissed as untimely filed under Supreme Court Rule 6(a)(i).  Galindez filed a response to the notice to show cause on September 30, 2014.

He asserts that the appeal was untimely because he believed that his counsel below had filed a notice of appeal on his behalf. He asks the Court to accept his appeal and to direct his counsel to provide him with certain documents and records.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3] In this case, even if we assume Galindez's allegations are correct, Galindez's lawyer is not court-related personnel.[4] Accordingly, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[2] Del. Supr. Ct. R. 10(a).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] *Goldsborough v. State*, 2010 WL 2183520 (Del. June 1, 2010).