IN THE SUPREME COURT OF THE STATE OF DELAWARE

BRIAN L. WATERMAN,               §
                                 § No. 579, 2014
        Defendant Below-          §
        Appellant,                §
                                 §
        v.                       § Court Below—Superior Court
                                 § of the State of Delaware,
STATE OF DELAWARE,               § in and for Kent County
                                 § Cr. ID 0608013125
        Plaintiff Below-          §
        Appellee.                 §

Submitted: October 27, 2014
Decided: November 3, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

## O R D E R

This 3rd day of November 2014, it appears to the Court that:

(1)     On October 9, 2014, the Court received appellant Brian Waterman's notice of appeal from an order of the Superior Court, dated January 19, 2011, denying his motion for postconviction relief. The Senior Court Clerk issued a notice to Waterman to show cause why the appeal should not be dismissed for his failure to file the appeal within 30 days of the Superior Court's order as required by Supreme Court Rule 6(a)(iii).

(2)     Waterman filed a response to the notice to show cause on October 27, 2014. He asserts that his appeal was untimely because his court-appointed counsel failed to file a notice of appeal on his behalf.

(3)    Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]

(4)    In this case, even if we assume that Waterman's counsel failed to file an appeal on his behalf, Waterman's counsel is not court-related personnel.[4] Moreover, the Superior Court docket reflects that Waterman contacted the Superior Court at least four times in the past three and a half years and was informed that no appeal was pending in his case.  He offers no explanation for his failure to take any action until now.  This case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  Thus, the Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[1]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[2]Del. Supr. Ct. R. 10(a).

[3]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] *Goldsborough v. State*, 2010 WL 2183520 (Del. June 1, 2010).