# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| SAMUEL M. SHORT, | ) | |
| | ) | |
| Plaintiff-Below/Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. CPU4-14-002963 |
| | ) | |
| MARION JOHNSON, | ) | |
| | ) | |
| Defendant-Below/Appellee. | ) | |

Submitted: February 25, 2015
Decided: March 30, 2015

Leo John Ramunno, Esquire
Woodmill Corporate Center
5149 W. Woodmill Drive, Suite 20
Wilmington, DE 19808
*Attorney for Appellant*

Kenneth L. Wan, Esquire
Law Office of A. Dale Bowers, II, P.A.
P.O. Box 6047
Wilmington, DE 19804-0647
*Attorney for Appellee*

## ORDER ON APPELLEE'S MOTION TO DISMISS

The instant matter is an appeal de novo brought pursuant to 10 *Del C.* § 9570 *et seq.* from the Justice of the Peace Court. Defendant-Below/Appellee Marion Johnson ("Appellee") brings this Motion to Dismiss, arguing that Plaintiff-Below/Appellant Samuel M. Short ("Appellant") untimely filed the appeal. The Court held a hearing on the Motion on December 12, 2014, and ordered the parties to submit written argument on whether the matter should be dismissed. This is the Court's decision, following a review of the parties' written submissions, on Appellee's Motion to Dismiss.

On June 23, 2014, Appellant filed a debt action against Appellee in the Justice of the Peace Court. At trial, on September 8, 2014, both parties appeared *pro se.* On September 9,

2014, the Justice of the Peace Court entered judgment against Appellant, and the Clerk of the court docketed the court's order, and sent a copy of the order to both parties. The Justice of the Peace Court Docket reflects that on October 8, 2014, Appellant requested and obtained a copy of the court's order. On October 21, 2014, Appellant filed a notice of appeal in this Court.

This Court's jurisdiction over appeals from the Justice of the Peace is strictly governed by statute, specifically 10 *Del. C.* § 9571. An appeal brought pursuant to § 9571 "shall be taken within fifteen days of the final judgment."[1] When a party fails to perfect an appeal within the proscribed time period under § 9571, "a jurisdictional defect is created which may not be excused in the absence of unusual circumstances [that] are *not attributable to the appellant* or the appellant's attorney."[2] Under this caveat, the Court may exercise jurisdiction over an untimely appeal where the untimeliness is attributable to court personnel.[3] In support of such a claim, an appellant must present credible evidence attributing the delay to court personnel.[4]

In this matter, Appellant claims that the untimely filing of his appeal is due to the fact that he never received a copy of the Justice of the Peace Court's decision in the mail. The Justice of the Peace Court Docket reflects that the Clerk of the court docketed the court's order, and sent a copy of the order to both parties. Although the Docket does not reveal if or when Appellant received the order, Appellant has not proffered any evidence that attributes any fault to that of the Justice of the Peace Court personnel. Contrary to Appellant's argument, "an appellant's *pro se* status does not excuse a failure to comply strictly with [this] jurisdictional requirement" and

---

[1] 10 *Del. C.* § 9571(b).
[2] *Riggs v. Riggs,* 539 A.2d 163, 164 (Del. 1988) (*citing Bey v. State,* 402 A.2d 362, 363 (Del. 1979)) (emphasis added).
[3] *Palmer v. DCSE,* 32 A.3d 989 at *1 (TABLE) (Del. 2011) (*citing Bey v. State,* 402 A.2d 362, 363 (Del. 1979)).
[4] *Robert REED v. CLARK's Swimming Pools, Inc.,* 1997 WL 1737122, at *3 (Del. Com. Pl. Sept. 19, 1997).

2

does not excuse him from submitting an untimely appeal.[5] Moreover, Appellant was present for trial in the Justice of the Peace Court, already knew of the court's decision, and had "a continuing duty of inquiry to ascertain" if the court docketed its final judgment.[6]

## CONCLUSION

For the foregoing reasons, Appellee's Motion to Dismiss is **GRANTED**. Appellant's appeal was untimely filed, and as a result, this Court lacks jurisdiction under 10 *Del. C.* § 9571.

**IT IS SO ORDERED** this 30th day of March, 2015.



Carl C. Danberg
Judge

cc:    Tamu White, Judicial Case Management Supervisor

---

[5] *Smith v. State*, 812 A.2d 224 (Del. 2002) (citing *Carr v. State*, 554 A.2d 778 (Del.1989)).
[6] *Foley v. Washington Grp. Int'l, Inc.*, 984 A.2d 123 (Del. 2009) (citing *Giordano v. Marta*, 723 A.2d 833, 837-38 (Del. 1998)).