IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC AMARO, | § | |
| | § | |
| Defendant Below- | § | No. 125, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 1207002417 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 20, 2015
Decided: June 11, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 11th day of June 2015, upon consideration of the Rule to Show Cause and the parties' respective responses thereto, it appears to the Court that:

(1) On March 16, 2015, the Court received Eric Amaro's notice of appeal from a Superior Court sentencing order dated December 1, 2014. The Superior Court's order resentenced Amaro on a felony-level charge of Drug Dealing to eight years at Level V incarceration, with credit for 580 days served, to be suspended after serving two years in prison for one year of probation.

(2) Under Supreme Court Rule 6, Amaro's timely notice of appeal from his sentence should have been filed on or before December 31, 2014. The Clerk

issued a notice directing Amaro to show cause why the appeal should not be dismissed as untimely.[1] Amaro filed a response to the notice to show cause on April 9, 2015. He contends that he directed his court-appointed counsel to file an appeal on his behalf.

(3) The Court directed Amaro's counsel to respond. Counsel states that he was appointed to represent Amaro in his postconviction proceedings. After identifying a potential defect in Amaro's case, defense counsel requested an office conference with the Superior Court. Following the office conference, the Superior Court held a hearing where Amaro was allowed to withdraw his previous plea and then re-plead to a lesser offense. The State withdrew its habitual offender motion, and the Superior Court sentenced Amaro to time previously served. The postconviction petition was withdrawn as a result. Counsel states that Amaro never asked him to file an appeal on his behalf. Moreover, in light of Amaro's guilty plea to a lesser offense and the Superior Court's reduced sentence, counsel asserts that there was no basis to file an appeal.

(4) At the Court's direction, the State also filed an answer to Amaro's response to the notice to show cause. The State argues that the 30-day time limit to file a notice of appeal is a jurisdictional requirement. While there is an exception to the 30-day time limit if the appellant can establish that the untimeliness of the

---

[1] Del. Supr. Ct. R. 6(a)(ii) (2015).

appeal is attributable to court-related personnel, the State argues that Amaro has not made such a showing in this case.

(5)     We agree.  Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court personnel, the appeal cannot be considered.[4]  Defense counsel is not court personnel.[5]

(6)     Under different circumstances, this Court has remanded untimely direct appeals for reimposition of sentence when defense counsel did not dispute the defendant's allegation of attorney error or the State otherwise did not object to a remand.[6]  Indeed, we did so when Amaro filed his first untimely notice of appeal from his convictions in this criminal action number.[7]  In the present case, however,

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[3] Del. Supr. Ct. R. 10(a).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] *Goldsborough v. State*, 2010 WL 2183520 (Del. June 1, 2010).

[6] In the criminal context, a defendant whose untimely direct appeal is attributable to the ineffective assistance of his counsel has a remedy in the postconviction process.  Thus, if counsel confesses error or the State concedes error in response to a rule to show cause issued in an untimely direct appeal, a remand for resentencing achieves the same result that would be reached through a later postconviction proceeding. *See, e.g., State v. Black*, 2008 WL 2371522 (Del. Super. June 9, 2008) (granting postconviction relief by vacating defendant's sentence and reimposing the same sentence to allow defendant to file a timely direct appeal). *But cf. Branch Banking and Trust Co. v. Eid*, ___ A.3d ___ (Del. May 4, 2015) (holding that, in the civil context, it was error for the Superior Court to vacate a civil judgment and reimpose the same judgment in order to restart the 30-day appeal period).

[7] *See Amaro v. State*, 2013 WL 1087644 (Del. Mar. 13, 2013).

defense counsel flatly contradicts Amaro's assertion that he directed counsel to file a notice of appeal. This factual dispute is one that should be resolved by the Superior Court through the postconviction process.[8] The Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[8] *See Amaro v. State*, 2001 WL 233652 (Del. Mar. 6, 2001) (dismissing untimely direct appeal and stating that factual issue of alleged attorney error could be resolved by the Superior Court through the postconviction process).