IN THE SUPREME COURT OF THE STATE OF DELAWARE

STEPHEN C. HELLER, §
§ No. 274, 2016
Defendant Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1402013678B
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: July 18, 2016
Decided: September 7, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 7th day of September 2016, it appears to the Court that:

(1)    On December 4, 2014, the appellant, Stephen C. Heller, pled guilty to charges of Rape in the Second Degree and Continuous Sexual Abuse of a Child. On September 25, 2015, the Superior Court sentenced Heller to a total of fifty years at Level V incarceration followed by one year at Level IV supervision. Heller did not file a direct appeal.

(2)    On December 28, 2015, Heller's trial counsel filed a motion for modification of sentence. By order dated February 12, 2016, the Superior Court denied the motion. Heller did not appeal the denial of the sentence modification motion.

(3)     On May 26, 2016, Heller filed a notice of appeal from the sentence imposed on September 25, 2015.  An appeal from the September 25 sentence should have been filed on or before October 26, 2015.[1]  A notice of appeal must be received within the applicable time period to be effective.[2]

(4)     On May 26, 2016, the Senior Court Clerk issued a notice directing Heller to show cause why this appeal should not be dismissed as untimely filed. Heller filed a response to the notice, asking this Court to excuse the delay in filing the appeal on the basis that his trial counsel (hereinafter "Trial Counsel") told him immediately after the September 25, 2015 sentencing that counsel would file a notice of appeal.  At the direction of the Court, Trial Counsel filed a response to Heller's response to the notice to show cause.  Trial Counsel states that he "discussed the possibility of an appeal" with Heller and advised Heller that an appeal would have no chance of success.

(5)     The appellate jurisdiction of this Court rests upon perfecting an appeal within the applicable time period.[3]  The jurisdictional defect that is created by the untimely filing of a notice of appeal cannot be excused "in the absence of unusual circumstances which are not attributable to the appellant or the appellant's

---

[1] *See* Del. Supr. Ct. R. 6(a)(iii) (providing that an appeal must be filed within thirty days after sentence is imposed in a direct appeal of a criminal conviction).  *See also* Del. Supr. Ct. R. 11(a) (providing that if the last day of a time period is a Saturday or Sunday, or other day on which the Office of the Clerk is closed, the time period shall run until the end of the next day on which the Office of the Clerk is open).

[2] Del. Supr. Ct. R. 10(a).  *Smith v. State*, 47 A.3d 481 (Del. 2012).

[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

2

attorney."[4]     Unless an appellant can demonstrate that the failure to timely file a notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(6)     This case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  Trial Counsel is not court-related personnel; the untimeliness of the appeal cannot be excused for circumstances allegedly attributable to him.[6]

(7)     To the extent Heller claims that Trial Counsel had a continuing obligation to file an appeal from the September 25, 2015 sentence,[7] Heller will have to pursue that claim in the first instance in a motion for postconviction relief under Superior Court Criminal Rule 61.[8]  Heller's claim cannot serve as a basis to excuse the untimeliness of this appeal.[9]

---

[4] *See Honaker v. State*, 2006 WL 298165 (Del. Feb. 6, 2006) (quoting *Riggs v. Riggs*, 539 A.2d 163, 164 (Del. 1988)).

[5] *See Smith v. State*, 47 A.3d at 487 (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979)).

[6] *See Amaro v. State*, 2015 WL 3718515 (Del. June 11, 2015) (citing *Goldsborough v. State*, 2010 WL 2183520 (Del. June 1, 2010)).

[7] Under Supreme Court Rule 26(a)(i), every trial counsel shall, in every case in which the client has been convicted, advise the client of any right to appeal, the possible grounds for appeal and counsel's opinion of the probable outcome of an appeal.  If, after consultation with trial counsel, the client wants to appeal, the client must make his wishes known to trial counsel. *Richardson v. State*, 2009 WL 469341 (Del. Feb. 25, 2009).  If the client wants to appeal and has made his wishes known to trial counsel, counsel must docket the appeal "whether or not the appeal appears meritorious."  Del. Supr. Ct. R. 26(a)(ii).

[8] *See Kane v. State*, 2015 WL 4464778 (Del. July 21, 2015) (citing *Chrichlow v. State*, 2009 WL 2027250 (Del. July 14, 2009)).

[9] *Id.*

3

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice