IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEITH L. CAMPBELL, | § | |
| | § | |
| Defendant Below, | § | No. 528, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1411008699 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 16, 2018
Decided: January 19, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## ORDER

This 19th day of January 2018, upon consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On December 11, 2017, the appellant, Keith Campbell, filed a notice of appeal from a Superior Court order, dated and docketed on October 27, 2017, adopting the Superior Court Commissioner's recommendation and denying Campbell's first motion for postconviction relief and motion for appointment of counsel. Under Supreme Court Rules 6(a)(iv) and 11(a), a timely notice of appeal should have been filed on or before November 27, 2017. The Senior Court Clerk issued a notice directing Campbell to show cause why this appeal should not be dismissed as untimely filed.

(2)    In his response to the notice to show cause, Campbell states that his untimely appeal should be accepted because: (i) three weeks passed before the law library staff at the federal detention center where he is incarcerated informed him that they did not have the forms to file an appeal in Delaware; and (ii) two weeks passed before the Superior Court informed him that he had filed his notice of appeal in the wrong court and needed to file his notice of appeal in the Supreme Court. The State argues that Campbell's appeal does not fall within the exception to the general rule mandating the timely filing of a notice of appeal. The State is correct.

(3)    Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4)    Campbell has not shown that his failure to file a timely notice of appeal is attributable to court-personnel. A claim that prison personnel were ineffective in

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Carr,* 554 A.2d at 779.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

assisting an inmate with an appeal does not excuse failure to file a timely appeal.[5]

Prison personnel are not court-related personnel.[6] As to the filing of the notice of appeal in the Superior Court, this Court has previously held that the incorrect filing of a notice of appeal in the Superior Court within the applicable time period does not constitute compliance with the jurisdictional requirements of this Court.[7] This appeal must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant to Superior Court Rule 29(b), this appeal must be DISMISSED.

BY THE COURT:


/s/ Gary F. Traynor
Justice

---

[5] *See, e.g., Miller v. State*, 2017 WL 568362, at *1 (Del. Feb. 9, 2017) (dismissing untimely appeal where inmate claimed his appeal was late because the prison law library never responded to his inquiry regarding how much time he had to appeal).
[6] *Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014).
[7] *See, e.g, Allen v. State*, 2012 WL 5873672, at *1 (Del. Nov. 20, 2012) (dismissing appeal that was incorrectly, but timely filed in the Superior Court); *Joyner v. State*, 2007 WL 1301086, at *1 (Del. May 4, 2007) (same).