IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TROY DIXON, | § | |
| | § | |
| Defendant Below, | § | No. 475, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 1211005646A (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 25, 2019
Decided: December 11, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On November 14, 2019, the appellant, Troy Dixon, filed a notice of appeal from a June 18, 2019 Superior Court order denying his second motion for postconviction relief, motion for appointment of counsel, motion for witness statements, and motion to compel. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before July 18, 2019.

(2)     On November 15, 2019, the Clerk issued a notice directing Dixon to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Dixon states that privately retained counsel represented

him in connection with his motions. Dixon asserts that the untimely filing should be excused because his counsel did not inform him until November 4, 2019 that the Superior Court had denied the motions, and counsel "forgot" to file a timely notice of appeal.

(3)    This Court lacks jurisdiction to consider an appeal when the notice of appeal is not timely filed, unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[1]    The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused "'in the absence of unusual circumstances which are not attributable to the appellant or the appellant's attorney.'"[2]

(4)    The failure to file a timely appeal in this case is not attributable to court-related personnel. Therefore, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[1] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[2] *Laws v. State*, 2001 WL 463354 (Del. Apr. 27, 2001). *See also Riggs v. Riggs*, 539 A.2d 163 (Del. 1988) (dismissing an untimely appeal where an error by the appellant's attorney caused the untimeliness).

2