IN THE SUPREME COURT OF THE STATE OF DELAWARE

GWENDOLYN COOPER,
ADMINISTRATOR ON BEHALF
OF THE ESTATE OF VIVIAN K.
LOCKE, DECEASED,

§
§
§
§ No. 239, 2024
§

    Plaintiff Below,
    Appellant,

§ Court Below—Superior Court
§ of the State of Delaware
§

    v.

§ C.A. No. N23C-08-030
§

SEASONS HOSPICE &
PALLIATIVE CARE OF
DELAWARE, INC., SEASONS
HOSPICE & PALLIATIVE CARE
OF DELAWARE LLC, and
ACCENTCARE, INC.,

§
§
§
§
§
§
§

    Defendants Below,
    Appellees.

§
§
§

Submitted: July 18, 2024
Decided: August 9, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the responses, it appears to the Court that:

(1) On June 24, 2024, the plaintiff below-appellant Gwendolyn Cooper, administrator on behalf of the estate of Vivian K. Locke, filed a notice of appeal from a Superior Court order, dated and docketed on May 8, 2024, denying her motion for reargument of a Superior Court opinion granting the motion to dismiss

filed by the defendants below-appellees Seasons Hospice & Palliative Care of Delaware, Inc., Seasons Hospice & Palliative Care of Delaware, LLC, and AccentCare, Inc. A timely notice of appeal would have been filed by June 7, 2024.[1] The Senior Court Clerk issued a notice directing that Cooper to show cause why this appeal should not be dismissed as untimely.

(2) In response to the notice to show cause, Cooper states that a notice of appeal was mistakenly filed in the Superior Court on June 7, 2024.[2] The mistake was not discovered until June 24, 2024, at which point a notice of appeal was filed in this Court. Cooper's counsel takes responsibility for the untimely appeal, but suggests that if the Superior Court had rejected the improperly filed appeal, a timely appeal could have been filed with this Court. Cooper emphasizes that the appellees had notice of the appeal from the mistaken filing and, relying on *Riggs v. Riggs,*[3] asks the Court to accept this untimely appeal in the interests of justice.

(3) The appellees assert that the appeal is untimely and does not fall within the exception for untimely appeals attributable to court-related personnel. Relying

---

[1] 10 *Del. C.* § 148 ("No appeal from a final judgment of the Superior Court in a civil action shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree."); Supr. Ct. R. 6(a)(i) (providing that the notice of appeal from civil judgment must be filed within 30 days from entry of the judgment on the docket).

[2] The notice of appeal was also incorrectly captioned in the Superior Court.

[3] 539 A.2d 163 (Del. 1988).

on *Lima Delta Co. v. Gulfstream Aerospace Corp.*,[4] the appellees argue that this appeal should be dismissed. We agree.

(4) Time is a jurisdictional requirement.[5] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[6] An untimely appeal can be considered if the appellant demonstrates that the failure to file a timely notice of appeal is attributable to court-related personnel.[7] In *Riggs*, for example, this Court accepted an untimely appeal where the appellant had incorrectly filed his notice of appeal in the Family Court and the Family Court proceeded as if the appeal had been properly filed by acknowledging receipt of the papers, setting bond for the appeal, and questioning its ability to provide further relief while the matter was on appeal to this Court.[8]

(5) This situation is, however, more similar to *Lima Delta*. In *Lima Delta*, the appellants mistakenly filed their appeal in the Superior Court, realized their mistake a few days later, and filed their appeal in this Court after the appeal deadline had expired.[9] The *Lima Delta* appellants argued that their untimely appeal was attributable to court-related personnel because the Superior Court had "erroneously accepted" the appeal without noticing that it was filed by a law firm rather than a

---

[4] 2019 WL 1870563 (Del. Apr. 26, 2019).
[5] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[6] Supr. Ct. R. 10(a).
[7] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[8] 539 A.2d 163, 164 (Del. 1988).
[9] 2019 WL 1870563, at *1.

court clerk.[10]  Based on our previous holding that a notice of appeal should not be refused by a court clerk or rejected automatically by the File and Serve system, we rejected the *Lima Delta* appellants' argument.[11]  We found that the filing of the appeal in the wrong court was attributable solely to the *Lima Delta* appellants and dismissed their appeal for untimeliness.[12]

(6)　As in *Lima Delta*, the decision to file the initial notice of appeal in the wrong court is attributable to Cooper alone.  Because Cooper has not shown that the failure to file a timely notice of appeal is attributable to court-related personnel, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[10] *Id.* at *2.

[11] *Nicholas v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 74 A.3d 634, 635 (Del. 2013) ("This Court has held that 'no notice of appeal should ever be refused by a clerk for filing if the intention to appeal is clear from the document filed.'  Similarly, a notice of appeal should not be rejected automatically by the File and Serve system.") (citations omitted).  In *Nicholas*, the appellants sought to transfer the appeal they mistakenly filed in the Superior Court to this Court under 10 *Del. C.* § 1902 and were allowed to do so.  Cooper has not raised § 1902 so we do not address that possibility.

[12] *Lima Delta*, 2019 WL 1870563, at *2.