IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOYCE BURHENN, Individually and as Personal Representative of the Estate of Leonard D. Burhenn, | § § § § | No. 434, 2024 |
| | § | Court Below–Superior Court |
| Plaintiff Below, | § | of the State of Delaware |
| Appellant, | § | |
| | § | C.A. No. N23C-12-040 |
| v. | § | |
| | § | |
| CELOTEX ASBESTOS SETTLEMENT TRUST, | § § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: October 17, 2024
Decided: October 25, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

### ORDER

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On October 8, 2024, counsel for the appellant, Joyce Burhenn, Individually and as Personal Representative of the Estate of Leonard D. Burhenn, filed a notice of appeal from the Superior Court's September 6, 2024 order granting the defendant-below/appellee's motion to dismiss Burhenn's complaint. Under Supreme Court Rules 6 and 10, a timely notice of appeal was due on or before

October 7, 2024. The Senior Court Clerk therefore issued a notice directing Burhenn to show cause why this appeal should not be dismissed as untimely filed.

(2)    In response to the notice to show cause, counsel for Burhenn advised the Court that he erroneously noted the date of the appeal deadline as October 8—instead of October 7—on his calendar.

(3)    This Court lacks jurisdiction to consider an appeal when the notice of appeal is not filed in a timely matter, unless the appellant can demonstrate that her failure to file a timely notice of appeal is attributable to court-related personnel.[1] The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused "in the absence of unusual circumstances [that] are not attributable to the appellant or the appellant's attorney."[2]

(4)    The failure to file a timely appeal in this case is not attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

---

[1] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[2] *Riggs v. Riggs*, 539 A.2d 163, 164 (Del. 1988).

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice