The FAMILY COURT OF the State of
DELAWARE, Respondent
below, Appellant.

v.

Ernestine GILES, Petitioner
below, Appellee.

Supreme Court of Delaware.

Submitted Dec. 19, 1977.

Decided Feb. 22, 1978.

A. Gary Wilson, Deputy Atty. Gen., Wilmington, for respondent below, appellant.

William C. Anderson of Community Legal Aid Society, Wilmington, for petitioner below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice.

The Family Court of the State of Delaware seeks review of an order of the Superior Court dismissing its appeal from a ruling by the Equal Employment Review Board that the Family Court in and for Sussex County had discriminated illegally against the plaintiff. The Family Court contends that the Superior Court erred by dismissing the appeal, instead of transferring it to the appropriate Court pursuant to the provisions of the transfer statute, 10 *Del.C.* § 1902.[1] Because we are of the

---

1. 10 *Del.C.* § 1902 reads in full as follows:
 Removal of actions from courts lacking jurisdiction.
 No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal. Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after

the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court, and makes the usual deposit for costs in the second court. All or part of the papers filed, or copies thereof, and a transcript of the entries, in the court where the proceeding was originally instituted shall be delivered in accordance with the rules or special orders of such court, by the prothonotary, clerk, or register of that court to the prothonotary, clerk or

opinion that § 1902 is a legitimate vehicle for transferring the Family Court's appeal, we reverse the Superior Court decision.

## I

Plaintiff was employed by the Family Court in and for Sussex County in March of 1972 as part of a special program designed to provide on-the-job training to welfare recipients so that they might qualify through competitive testing for regular State employment. Plaintiff passed the required tests and qualified for a position as a clerk typist in February of 1973. Shortly thereafter plaintiff's supervisor offered her a full time position with the Family Court, and she accepted. The necessary paper work was completed in Georgetown, Sussex County, and a Personnel Transaction Form, with the recommendation that plaintiff be placed on the payroll as a permanent employee, was forwarded to the Administrator for the Family Court in Wilmington for routine processing. Plaintiff's form was delayed, and the recommendation for permanent employment was changed to a recommendation for temporary employment. The application of a former Family Court employee was processed ahead of plaintiff's, and the former employee was given the job originally offered to plaintiff. Plaintiff received no notice of the change in her employment status until the temporary period expired and her position was terminated. She then filed her equal employment claim. The Equal Employment Board determined

that plaintiff had been illegally discriminated against, and ordered the Family Court to offer her the next available position.

The Family Court appealed the Board's ruling by filing in the Superior Court in and for New Castle County. The Court dismissed the appeal pursuant to the provisions of 19 *Del.C.* § 712(k)[2] which grants appellate jurisdiction from decisions of the Board to the Superior Court of the county where the violation is alleged to have occurred. Because the Court determined that the discriminatory acts originated in Georgetown, Sussex County, the Superior Court in and for New Castle County ruled that it lacked authority to hear the appeal. The Court also refused to transfer the case under the provisions of 10 *Del.C.* § 1902.

## II

The transfer statute, 10 *Del.C.* § 1902, is remedial in nature and designed to prevent a case from being dismissed simply because it was initiated in the wrong Court. *Wilmington Trust Company v. Schneider*, Del. Supr., 342 A.2d 240 (1975). According to its express terms Section 1902 should be liberally applied to achieve its purposes. The present case was dismissed because the Superior Court in and for New Castle County lacked jurisdiction to hear it, a situation precisely within section 1902.

We perceive no sound reason for denying the transfer in the case under consideration.[3] Defendant-Family Court made

register of the court to which the proceeding is transferred. The latter court shall thereupon entertain such applications in the proceeding as conform to law and to the rules and practice of such court, and may by rule or special order provide for amendments in pleadings and for all other matters concerning the course of procedure for hearing and determining the cause as justice may require. For the purpose of laches or of any statute of limitations, the time of bringing the proceeding shall be deemed to be the time when it was brought in the first court. This section shall be liberally construed to permit and facilitate transfers of proceedings between the courts of this State in the interests of justice. (Code 1935, § 4235A; 46 Del.Laws, c. 255; 10 Del.C. 1953, § 1901; 60 Del.Laws, c. 182, § 1.)

**2.** 19 *Del.C.* § 712(k) reads in full as follows:

(k) The Superior Court of the county where the violation is alleged to have occurred shall have jurisdiction to hear an appeal from any decision made by the review board except as provided in subsection (h) herein. Such appeal shall be on the record only before the Department. (19 Del.C. 1953, § 712; 58 Del.Laws, c. 285.)

**3.** There are situations where the nature of the case mandates that no transfer be allowed. For example 25 *Del.C.* § 2712 requires that mechanic's liens be filed in the County in which the subject land is located. The provisions of the mechanic's lien law must be strictly construed so as to provide notice to the appropriate parties, and therefore, 10 *Del.C.* § 1902 would not be a proper vehicle for remedying

a legitimate, although in the opinion of the Superior Court an incorrect, argument that the operative facts which resulted in the alleged discrimination occurred in New Castle County where the shuffling of papers took place. Defendant's mistake in filing the appeal was made in apparent good faith. In addition, plaintiff would not be prejudiced by the transfer in any way other than by the loss of her procedural victory which we deem unwarranted. We are of the opinion that the ends of justice would be served by transferring these proceedings to the Superior Court in and for Sussex County. Cf. *Wife (K) v. Husband (K)*, Del. Supr., 369 A.2d 684 (1977).

 Plaintiff asserts that a transfer between Courts of the same level situated in different counties is prohibited by the Delaware Constitution Article I, § 9 which provides:

All courts shall be open; and every man for an injury done in his reputation, person, moveable or immoveable possessions, shall have remedy by the due course of law, and justice administered according to the very right of the cause and the law of the land, without sale, denial, or unreasonable delay or expense; and *every action shall be tried in the county in which it shall be commenced, unless when the judges of the court in which the cause is to be tried, shall determine that an impartial trial thereof cannot be had in that county.* Suits may be brought against the State, according to such regulations as shall be made by law. [Emphasis added]

We find no merit to plaintiff's argument based upon the venue provision of Article I, as it is obviously inapplicable to the situation presented.

\* \* \* \* \* \*

We reverse the decision of the Superior Court denying defendant's motion, and remand with instructions to transfer this appeal to the Superior Court in and for Sussex County.

failure to comply with the mandatory filing requirements for mechanic's liens. See *Masten*

*Lumber and Supply Co. v. Hagan*, Del.Supr., 382 A.2d 250 (1978).