We dissent and would reverse the Superior Court decision.

Dr. Henry T. NICHOLAS, III, Wiliam J. Ruehle, and Dr. Henry Samueli, Plaintiffs Below, Appellants,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., Defendants Below, Appellees.

No. 209, 2013.

Supreme Court of Delaware.

Submitted: April 25, 2013.
Decided: May 20, 2013.

Jennifer C. Wasson, Esquire, Potter, Anderson & Corroon, LLP, Wilmington, Delaware, for appellants.

Carmella P. Keener, Esquire, Rosenthal, Monhait & Goddess, P.A., Wilmington, Delaware, for appellee, Federal Insurance Company and XL Specialty Insurance Company.

Edward M. McNally, Esquire and Patricia A. Winston, Esquire, Morris James LLP, Wilmington, Delaware, for appellee, National Union Fire Insurance Company of Pittsburgh, Pa.

John D. Balaguer, Esquire and Timothy S. Martin, Esquire, White and Williams

LLP, Wilmington, Delaware, for appellee, Twin City Fire Insurance Company.

Neal J. Levitsky, Esquire and Seth A. Niederman, Esquire, Fox Rothschild, LLP, for appellee, Arch Insurance Company.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

HOLLAND, Justice:

A Notice of Appeal was filed in this Court on April 19, 2013 (Trans. ID 51880229). This Court's electronic filing system generated a rule to show cause as to why the appeal should not be dismissed as untimely. The Appellants and the Appellees have each addressed the issue of timeliness. We have decided to remand this matter to the Superior Court.

### Facts

On March 19, 2013, the Delaware Superior Court issued an Opinion and Order granting Appellees' Joint Motion to Dismiss in Civil Action No. N12C–07–311 JRJ CCLD (Trans. ID 51207563). On April 18, 2013, Appellants filed a Notice of Appeal of the Opinion and Order via LexisNexis File & Serve, the filing system for both the Delaware Superior Court and Delaware Supreme Court. The Notice of Appeal contained the correct Supreme Court caption and fulfilled the requirements of Supreme Court Rule 7. Due to a clerical error in the office of the Appellants' attorney, while using the eFiling system, the Appellants filed their Notice of Appeal in the Superior Court rather than in this Court.

Appellants received a confirmation receipt for the Notice of Appeal from the Superior Court's LexisNexis File and Serve assigning Transaction ID 51862782 to the filing. The next morning, the Appellants discovered the error and immediately prepared to seek a transfer to the Supreme Court pursuant to title 10, section 1902 of the Delaware Code ("section 1902"). Prior to the Appellants filing of their petition to transfer, the Superior Court electronic filing system rejected the Notice of Appeal for being "filed in incorrect Court."[1] As a result of the Superior Court's rejection, the Appellants could not petition to transfer the Notice of Appeal to this Court.

### Rejection Improper

■ The Appellants' Notice of Appeal clearly indicated their intent to file in the Supreme Court. The Superior Court's electronic filing system allowed the Appellants to timely file their Supreme Court papers in the Superior Court and assigned the filing a transaction identification number. All parties received notice of the filing and were served with the appeal paperwork on the April 18, 2013 filing deadline.

■ This Court has held that "*no* notice of appeal should ever be refused by a clerk for filing if the intention to appeal is clear from the document filed."[2] Similarly, a notice of appeal should not be rejected automatically by the File and Serve system. The sufficiency of an appeal is a legal question "to be determined by a judge after notice to the appellant and an opportunity to be heard."[3] This process

1. We note that is not a reason for rejection that is listed in the Superior Court Proper eFile Procedures.

2. *Kostyshyn v. State,* 3 A.3d 1097, 2010 WL 3398943, at *1 (Del. Aug. 30, 2010) (table).

3. *Id.*

was not followed as a result of the Superior Court's automated filing system.

### *Transfer Statute Applies*

■ The Appellants assert that but for the improper automatic electronic rejection of the Notice of Appeal, the Appellants would have applied to transfer the appeal to the Supreme Court pursuant to section 1902.[4] Section 1902 provides that, "[f]or the purpose of laches or of any statute of limitations, the time of bringing the proceeding shall be deemed to be the time when it was brought in the first court." In *Family Court of Delaware v. Giles*,[5] this Court recognized that section 1902 is "remedial in nature and designed to prevent a case from being dismissed simply because it was initiated in the wrong Court."[6] In *Giles*, we noted that "[a]ccording to its express terms section 1902 should be liberally applied to achieve its purposes."[7]

In *Giles*, this Court held that section 1902 is "a legitimate vehicle" for transferring an appeal to the appropriate court rather than dismissing it.[8] The same is true in this case. Given the clear intent to timely file an appeal in the Supreme Court and the remedial nature of section 1902, we hold, in accordance with *Giles*, that the Appellants should have the opportunity to transfer their appeal to this Court.[9] To the extent that *Spry v. Gill*[10] is inconsistent with our holding in this case, it is overruled.

### *Conclusion*

This matter is remanded to the Superior Court to accept the Notice of Appeal *nunc pro tunc* and to allow the Appellants to transfer this matter to this Court pursuant to section 1902. Jurisdiction is retained.

---

4. Section 1902 provides that "[n]o civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or *on appeal.*" (emphasis added).

5. *Family Court of Delaware v. Giles*, 384 A.2d 623 (Del.1978).

6. *Id.* at 624.

7. *Id.*

8. *Id.See also Harbison v. State*, 667 A.2d 1319, 1995 WL 496929, at *2 (Del. Aug. 14, 1995) (table); *Carney v. Qualls*, 514 A.2d 1126, 1127–28 (Del.Super.Ct.1986).

9. *See Johnson v. Div. of Child Protective Servs.*, 551 A.2d 825, 1988 WL 137203, at *1 (Del. Nov. 4, 1988) (table) (remanding after Superior Court *sua sponte* dismissed appeal).

10. *Spry v. Gill*, 639 A.2d 74, 1994 WL 87344 (Del. Feb. 17, 1994).