# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| NEW CASTLE AUTO AUCTION<br>& CONSIGNMENTS, INC., | )<br>)<br>) | |
| Plaintiff-Below/Appellant, | )<br>) | |
| v. | )<br>) | C.A. No. CPU4-13-001066 |
| ERIC RILEY & JEANNE RILEY, | )<br>)<br>) | |
| Defendants-Below/Appellees. | )<br>) | |

Submitted: November 10, 2014
Decided: December 1, 2014

D. Miika Roggio, Esquire
Silverman, McDonald & Friedman
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
*Attorney for Plaintiff*

David J.J. Facciolo, Esquire
Jessica L. Cuprak, Esquire
Minster & Facciolo, LLC
521 West Street
Wilmington, DE 19801
*Attorney for Defendants*

## OPINION AND ORDER ON
## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF JURISDICTION

The instant matter is an appeal de novo brought pursuant to 10 *Del C.* § 9570 *et seq.* from the Justice of the Peace Court. Trial in this matter was originally scheduled for October 23, 2014. During sidebar, Counsel for Appellees raised a potential jurisdictional issue, and indicated that Appellant may have untimely filed the appeal.[1] The Court ordered counsel for both parties to submit legal argument on whether the instant appeal was timely filed pursuant to 10 *Del. C.* § 9570 *et seq.* and whether the Court therefore has jurisdiction. This is the Court's Decision and Order.

---

[1] At sidebar, counsel did not stipulate that this potential issue was being raised as a Motion to Dismiss; however the Court shall treat this dispositive issue as a Motion to Dismiss pursuant to CCP Civil Rule 12(b)(1).

## I. FACTUAL AND PROCEDURAL POSTURE

Plaintiff-Below/Appellant New Castle Auto Auction & Consignments, Inc. ("Appellant") brought an action for breach of contract in JP Court against Defendants-Below/Appellees Eric Riley & Jeanne Riley ("Appellees") defaulted on a loan. On March 5, 2013, the Justice of the Peace Court dismissed the case for Appellant's failure to produce evidence of any debt.

The docket reflects that Appellants originally filed the Notice of Appeal and Complaint on Appeal on March 20, 2013 via the eFlex Electronic Filing System, the electronic filing system for the Court. On March 25, 2013, Appellant received a rejection notice from the Court's electronic filing system, indicating that the Court rejected the appeal due to there being insufficient funds in Appellant Counsel's eFlex Electronic Filing System account.[2] The Notice of Appeal and Complaint on Appeal otherwise complied with 10 *Del. C.* § 9571 and Court of Common Pleas Civil Rule 72.3. By letter dated March 28, 2013, Counsel explained that he replenished the filing funds in the account and re-filed the appeal. The Clerk of the Court accepted the appeal on April 2, 2013.

After the Court accepted the appeal, Appellees filed Answers,[3] and both parties have participated in the litigation process by engaging in motion practice; attending a pre-trial conference; exchanging written discovery and documents, and jointly preparing a Case Management Order and trial exhibits. The parties have also engaged in mediation and settlement discussions.

On October 23, 2014, after Counsel for Appellees raised the potential jurisdictional issue, the Court instructed counsel for both parties to file legal argument on whether the instant appeal was timely filed. Both parties submitted briefing on the matter.

---

[2] The funds available at the time totaled to $106.50; the filing fees for the appeal totaled to $128.50.
[3] Appellees originally filed two separate, but identical Answers, *pro se*, but have since retained counsel.

2

## II. DISCUSSION

Section 9571 of Title 10 of the Delaware Code governs appeals from the Justice of the Peace Court. *Court of Common Pleas Civil Rules* 72.1 and 72.3 define the procedures for filing an appeal under 10 *Del. C.* § 9571, and "...[t]he Court rules are afforded the same status" as the statute.[4] An appeal brought pursuant to 10 *Del. C.* § 9571 "...shall be taken within fifteen days of the final judgment."[5] Failure to timely file an appeal within the fifteen day time period creates "a jurisdictional defect," which the Court may excuse in unusual circumstances if the untimely filing was beyond the appellant's control.[6] This narrow exception includes a situation where the failure of court personnel results in an untimely filed appeal.[7]

In their legal argument, Appellees rely on *Smith v. State*[8] and *Giordano v. Marta*[9] to support their argument that Appellant's appeal was untimely filed, and that the untimeliness was attributable to Appellant's own actions. Appellees equate the conduct of the *Smith* and *Giordano* appellants to that of Appellant's; however the matter at hand is distinguishable from both cases. In both *Smith* and *Giordano*, the appellants filed untimely notices of appeal and attributed the untimeliness to a failure of court personnel.[10] The Supreme Court found, in both *Smith* and *Giordano*, that the untimely filings were not attributable to Court personnel, but rather, were

---

[4] *Tiger Roofing, Inc. v. Schwamman*, 2011 WL 6947609 at *2 (Del. Com. Pl. Dec. 13, 2011).
[5] 10 *Del. C.* § 9571(b); CCP Civ. R. 72.3(b).
[6] *Riggs v. Riggs*, Del.Supr., 539 A.2d 163, 164 (1988).
[7] *Palmer v. DCSE*, 32 A.3d 989 at *1 (TABLE) (Del. 2011) (*citing Bey v. State*, 402 A.2d 362, 363 (Del. 1979)).
[8] 812 A.2d 224 (TABLE) (Del. 2002).
[9] 723 A.2d 833 (Del. 1998).
[10] In *Smith*, the appellant sought review of a February 22, 2002 final order of Superior Court, and filed the notice of appeal in the Delaware Supreme Court on May 28, 2002. 812 A.2d at *1. The *Smith* appellant mistakenly first filed the appeal in Superior Court, and argued that his filing in the Supreme Court was attributable to the Superior Court Prothonotary, who failed to inform him of his error concerning his original filing. *Id.* In *Giordano*, the appellant also claimed that his untimely filing was attributable to court personnel, claiming that the court's personnel failed to notify him of the court's entry of a final judgment. 723 A.2d at 834.

attributable to the appellants themselves.[11] Unlike *Smith* and *Giordano*, the matter at hand does not involve a situation in which Appellant relied on court personnel or untimely filed the appeal. Instead, Appellant timely filed the appeal, and properly responded to the rejection notification from the Court's automated electronic filing system.

In reviewing the record, the Court finds that the rejection notice from the Court's electronic filing system has played a significant role in deciding the issue before the Court. *Court of Common Pleas Civil Rule* 79 governs the Court's e-Filing Rules, and permits civil cases to be electronically filed.[12] Specifically, CCP Civil Rule 79.1(h)(4)(i) addresses system or user filing errors, and provides the following:

> If the electronic filing is not filed with the Clerk or served because of (1) an error in the transmission of the document to the Court which was unknown to the sending participant, or (2) a failure to process the electronic filing when transmitted to the Court, or (3) rejection by the Clerk, or (4) *other technical problems experienced by the filer*, the Court may upon satisfactory proof enter an order permitting the document to be filed or served nunc pro tunc to the date it was first attempted to be sent electronically.[13]

In *Nicholas v. Nat'l Union Fire Ins. Co.*, the issue before the Supreme Court of Delaware concerned the timeliness of an electronically-filed appeal from Superior Court.[14] The appeal, although correctly captioned and in compliance with the Court's rules, was mistakenly filed in

---

[11] In *Smith*, the Court noted that contrary to the appellant's contention, his *pro se* status did not excuse his failure to properly comply with the timeframe in which he could file an appeal. 812 A.2d at *1. Ultimately, the Court found that "[t]here [was] no evidence to suggest that the Prothonotary did anything to lead Smith to believe that his appeal had been perfected," and dismissed the appeal. *Id.* In *Giordano*, the Court stated that although the appellant claimed to be unaware of the Court of Chancery's final order, appellant had "a continuing duty of inquiry" to be aware of the entry of the final judgment under the specific circumstances. 723 A.2d at 837-38.
[12] CCP Civ. R. 79(b).
[13] CCP Civ. R. 79.1(h)(4)(i) (emphasis added).
[14] *Nicholas v. Nat'l Union Fire Ins. Co.*, 74 A.3d 634, 635 (Del. 2013), *remanded to* 83 A.3d 731 (Del. Super. Dec. 20, 2013)

4

Superior Court.[15] The day after receiving notification of the error, the appellants immediately acted to correct their mistake; however, the time in which the appellants were permitted to file an appeal had expired.[16] The Supreme Court noted that "...[a] notice of appeal should not be rejected automatically by the File and Serve system. The sufficiency of an appeal is a legal question to be determined by a judge after notice to the appellant and an opportunity to be heard."[17] Ultimately, the Court found that "[that] process was not followed as a result of the Superior Court's automated filing system," and accepted the *Nicholas* appellants' notice of appeal *nunc pro tunc*.[18]

Although the factual scenario differs from *Nicholas*, the pertinent issue underlying the matter at hand and *Nicholas* are similar. On March 20, 2013, Appellant's Counsel properly and timely filed an appeal from a March 5, 2013 final order of the JP Court. Similar to counsel in *Nicholas*, Appellant's Counsel complied with the Court's rules and procedure by filing the appeal within the fifteen-day time period in which it was permitted to appeal. Additionally, Appellant's Counsel's actions in remedying its filing error are similar to that of the *Nicholas* appellant because Counsel acted prudently and reasonably. Within three days of receiving the automated rejection notice, Counsel replenished the funds in the eFlex account; notified the Court; and re-filed the appeal. Although the *Nicholas* appellant attempted to correct its error one day after the time to appeal had expired, in the matter at hand, Appellant did not receive the automated rejection notice until March 25, 2013, which was five days past the deadline to appeal. Under these circumstances, the Court finds that Appellant timely filed the appeal, and that the rejection of the electronic filing was attributable to the Court's automated system. The

---

[15] *Nicholas*, 74. A.3d at 635.
[16] *Id.*
[17] *Id.*
[18] *Id.* at 635-636.

Court also finds the replenishment of the funds in the E-Flex account relates back to the original filing.

This issue concerning the automated rejection notice has highlighted a new possible glitch in today's litigation process. Over the past eighteen years, this Judicial Officer has spoken to members of the Delaware Bar at the Fundamentals of the Courts' Litigation Section and recently the e-filing system, and has discovered that while the e-filing system has enhanced and facilitated the litigation process, it also has generated a new set of technological problems for litigants. The automated rejection notice, such as the one in this matter, may be one of them as it mechanically discards an appellant's filing without affording the appellant an opportunity to be heard before the Court, which is standard practice in deciding whether an appeal has been perfected.

In the interest of manifest justice, the Court cannot dismiss this case on the present facts. The Court finds that Counsel's prudent act of replenishing funds relates back to the original March 20, 2013 filing date, and accepts the Appellant's filing of appeal *nunc pro tunc*.

### III. OPINION AND ORDER

The Court therefore accepts the Notice of Appeal *nunc pro tunc* in accordance with *Court of Common Pleas Civil Rule 79.1(h)(4)(i)*. The Court will retain jurisdiction over this matter.

**IT IS SO ORDERED** this 1st day of December, 2014.

_____
John K. Welch,
Judge

cc:    Ms. Tamu White
       Chief Civil Clerk

6