IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE LIMA DELTA COMPANY, a Delaware Corporation, TRIDENT AVIATION SERVICES, LLC, a Delaware Limited Liability Company, and SOCIÉTÉ COMMERCIALE ET INDUSTRIELLE KATANGAISE, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 126, 2019<br><br>Court Below—Superior Court<br>of the State of Delaware |
| Plaintiffs Below,<br>Appellants, | §<br>§<br>§ | C.A. No. N14C-02-042 |
| v. | §<br>§ | |
| GULFSTREAM AEROSPACE CORPORATION, a Delaware Corporation, and GULFSTREAM AEROSPACE CORPORATION, a Georgia Corporation, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants Below,<br>Appellees. | §<br>§ | |

Submitted: March 29, 2019
Decided:   April 26, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the responses to the notice to show cause, it appears to the Court that:

(1)    On March 19, 2019, the plaintiffs below-appellants, The Lima Delta Company, Trident Aviation Services, LLC and Société Commerciale et Industrielle Katangaise (collectively, "Lima Delta"), filed a notice of appeal from a Superior

Court opinion, dated and docketed on February 13, 2019, granting the motion to dismiss of the defendants-below appellees Gulfstream Aerospace Corporation, a Georgia corporation, and Gulfstream Aerospace Corporation, a Delaware corporation (collectively, "Gulfstream"). A timely notice of appeal should have been filed on or before March 15, 2019.[1] The Senior Court Clerk issued a notice directing Lima Delta to show cause why this appeal should not be dismissed as untimely.

(2) In response to the notice to show cause, Lima Delta described the events leading to the untimely notice of appeal as follows:

> In an abundance of caution, Appellants filed their Notice of Appeal a day prior to the appeal deadline, on March 14, 2019 with the Superior Court in New Castle County. The Clerk's Office erroneously accepted the Notice of Appeal that same day not realizing that the Notice of Appeal was docketed by an attorney's office rather than the Court Clerk. A copy of the File & ServeXpress transaction receipt reflecting the acceptance is attached hereto as Exhibit "A." At the time of filing, counsel for the Defendants/Appellee received notice through File & ServeXpress. *See Exhibit "A."*
>
> After not receiving any notifications from the Supreme Court, this office contacted the Superior Court Clerk's Office to inquire as to the status of the appeal. We were initially informed that everything was accepted and they were just waiting for the Supreme Court to give them the notifications triggered by the filing of the Notice of Appeal. After further review and discussion with the Clerk's Office the staff realized the error in accepting the filing of the Notice of Appeal. My office

---

[1] 10 *Del. C.* § 148 ("No appeal from a final judgment of the Superior Court in a civil action shall be received or entertained in the Supreme Court unless the praecipe or notice of appeal is duly filed in the office of the Clerk thereof within 30 days after the date of the judgment or decree."); Supr. Ct. R. 6(a)(i) (providing that notice of appeal from civil judgment must be filed within 30 days from entry of the judgment on the docket).

2

promptly contacted the Supreme Court Clerk's office for direction how to correct this error and was instructed to re-file the Notice of Appeal with the Supreme Court. The Notice of Appeal was immediately filed with, and accepted by, the Supreme Court.[2]

Gulfstream argues that the appeal is untimely, does not fall within the exception for untimely appeals attributable to court-related personnel, and should be dismissed.

(3) Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[4] An untimely appeal can be considered if the appellant demonstrates that the failure to file a timely notice of appeal is attributable to court-related personnel.[5] In *Bey*, for example, this Court accepted an untimely appeal "[b]ecause defendant did all that was required of him in seeking review; and because his default had been occasioned by court related personnel."[6] Similarly, in *Riggs v. Riggs*, this Court accepted an untimely appeal where the appellant had incorrectly filed his notice of appeal in the Family Court and the Family Court proceeded as if the appeal had been properly filed by acknowledging receipt of the papers, setting

---

[2] Appellants' Response to the Notice to Show Cause at 1-2.
[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[4] Supr. Ct. R. 10(a).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] 402 A.2d at 363.

bond for the appeal, and questioning its ability to provide further relief while the matter was on appeal to this Court.[7]

(4)     The decision to file the initial notice of appeal in the wrong court is attributable to Lima Delta alone.     As to Lima Delta's contention that the Prothonotary's Office should have rejected the notice of appeal upon seeing it was filed by a law firm,[8] this Court has held that a notice of appeal should not be refused by a clerk or rejected automatically by the File and Serve system.[9] Lima Delta also refers to a conversation in which the Prothonotary's Office initially indicated that the appeal was accepted and that they were waiting for notification from this Court,[10] but fails to indicate when that conversation occurred.  This silence suggests that the conversation did not occur until after the time to appeal had expired and thus did not cause the untimely filing of the notice of appeal.  Because Lima Delta has not shown that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal must be dismissed.

---

[7] 539 A.2d 163, 164 (Del. 1988).

[8] Under Supreme Court Rule 7(a), the Supreme Court Clerk is supposed to forward a copy of the notice of appeal "to the clerk of the trial court for filing in such court or to the arbitrator."  In civil cases, the Supreme Court Clerk e-files the notice of appeal in the trial court docket.

[9] *Nicholas v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 74 A.3d 634, 635 (Del. 2013) ("This Court has held that 'no notice of appeal should ever be refused by a clerk for filing if the intention to appeal is clear from the document filed.'  Similarly, a notice of appeal should not be rejected automatically by the File and Serve system.") (citations omitted).  In *Nicholas*, the appellants sought to transfer the appeal they mistakenly filed in the Superior Court to this Court under 10 *Del. C.* § 1902 and were allowed to do so.  Lima Delta has not raised § 1902 so we do not address that possibility.

[10] Lima Delta does not explain why they contacted the Superior Court instead of this Court about an appeal intended for this Court.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice