# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEBRA R. TAYLOR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N18C-12-035 ALR |
| | ) | |
| MADALYNN GEORGE and | ) | |
| STATE OF DELAWARE, | ) | |
| CHRISTINA SCHOOL DISTRICT | ) | |
|     Defendants. | ) | |

Submitted: February 14, 2020
Decided: April 6, 2020
Corrected: June 15, 2020[*]

*Upon Plaintiff's Motion to Transfer*
**DENIED**

*Upon Plaintiff's Motion to Amend to Add an Uninsured Motorist Claim*
**GRANTED**

*Upon the State of Delaware's Motion to Strike*
**DENIED AS MOOT**

## MEMORANDUM OPINION

Beverly L. Bove, Esquire, Vincent J. X. Hedrick, II, Esquire, Bove & Hedrick, Attorneys at Law, Wilmington, Delaware, Attorney for Plaintiff.

Robert D. Cecil Jr., Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware, Attorney for Defendant State of Delaware.

Martin O'Connor, Esquire, Department of Justice, Wilmington, Delaware, Attorney for Defendants Madalynn George and State of Delaware, Christina School District.

**Rocanelli, J.**

---

[*] This Memorandum Opinion was originally issued with an incorrect additional footnote.

This is a personal injury case. At the time of the motor vehicle accident which gives rise to the claims of Plaintiff Debra R. Taylor, Plaintiff was the passenger in a vehicle operated by Defendant Madalynn George ("George"). The vehicle was owned by Defendant State of Delaware ("State"). For the purposes of this decision, the Court accepts as true that Plaintiff and George were employees of Defendant Christina School District, State of Delaware and were also acting within the scope of their employment at the time of the motor vehicle accident at issue in this case.[1] Plaintiff did not file a workers' compensation claim but, instead, filed this lawsuit. Plaintiff now moves to transfer this action to the Industrial Accident Board ("IAB") pursuant to 10 *Del. C.* § 1902 ("Section 1902") or Superior Court Rule of Civil Procedure 15 ("Rule 15"). In the alternative, Plaintiff seeks leave to amend the Complaint to add an uninsured motorist claim against the State.

## PROCEDURAL BACKGROUND

Defendants filed an answer to the Complaint asserting several affirmative defenses, including the exclusivity provision of the Delaware Workers' Compensation Act ("WCA"),[2] which limits the remedies available to employees

---

[1] While Plaintiff does not concede her State employment status, Plaintiff's request to transfer this case to the Industrial Accident Board to seek workers' compensation benefits from the State only makes sense if Plaintiff was an employee of the State and acting within the scope of her employment at the time of the accident.

[2] 19 *Del. C.* §§ 2301–2396.

1

injured in the course of employment to workers' compensation benefits.[3] Defendants claim that the exclusivity provision limits Plaintiff's remedies to workers' compensation benefits, over which the IAB has jurisdiction,[4] because Plaintiff's alleged injuries occurred in the course and scope of her employment with the State.

The State opposes Plaintiff's motion to transfer, and George and Defendant Christina School District take no position. At the Court's request, the parties filed briefs on all issues pending before the Court.[5] Plaintiff's opening brief included a request in the alternative for leave to amend the Complaint to add an uninsured motorist claim against the State. Because Defendants had opportunities to respond

---

[3] *See* 19 *Del. C.* § 2304. The exclusivity provision provides:
> Except as expressly excluded in this chapter and except as to uninsured motorist benefits, underinsured motorist benefits, and personal injury protection benefits, every employer and employee, adult and minor, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.

*Id.*

[4] *See* 19 *Del. C.* § 2301A(i).

[5] After the State filed its response, Plaintiff filed a letter purporting to provide additional cases supporting Plaintiff's motion and the State moved to strike the letter arguing that the letter advanced new arguments not raised in Plaintiff's motion. The parties now agree that the State's motion to strike is moot.

2

to Plaintiff's request for alternative relief, the Court shall treat the request as a motion to amend.[6]

## DISCUSSION

### I. Plaintiff's Motion to Transfer

The relief sought through Plaintiff's motion to transfer is twofold. First, Plaintiff asks the Court to transfer this action to the IAB pursuant to Section 1902 or Rule 15. Second, Plaintiff seeks an order declaring that the applicable statute of limitations does not bar Plaintiff's not-yet-filed IAB petition.

### A. A determination of whether the statute of limitations bars Plaintiff's not-yet-filed IAB petition would amount to an impermissible advisory opinion

"It is well settled that Delaware courts do not issue advisory or hypothetical opinions."[7] "Delaware law requires that a justiciable controversy exist before a court can adjudicate properly a dispute brought before it."[8] No such controversy exists where, as here, the purported dispute is based on events that have not occurred. To determine whether the statute of limitations bars Plaintiff's hypothetical IAB

---

[6] *See* Super. Ct. Civ. R. 1 ("[The Superior Court Rules of Civil Procedure] shall be construed, administered, and employed by the Court and the parties, to secure the just, speedy and inexpensive determination of every proceeding.").

[7] *Clark v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 1518662, at *3 (Del. Super. Mar. 30, 2015) (citing *XI Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1217 (Del. 2014)).

[8] *George & Lynch, Inc. v. E.J. Breneman, L.P.*, 2019 WL 6896470, at *2 (Del. Dec. 18, 2019) (quoting *Crescent/Mach I Partners, L.P. v. Dr. Pepper Bottling Co. of Tex.*, 962 A.2d 205, 208 (Del. 2008)).

3

petition, the Court would need to speculate as to the myriad circumstances that may or may not arise before the petition is filed. Because that determination would amount to a non-justiciable advisory opinion, the Court shall deny Plaintiff's request.

**B.    The Court does not have statutory power to transfer to the IAB under Section 1902**

Section 1902 prohibits dismissal of any "civil action, suit or other proceeding brought in any court" based "solely on the ground that such court is without jurisdiction of the subject matter."[9] For matters over which the presiding court lacks subject matter jurisdiction, Section 1902 provides that "[s]uch proceeding may be transferred to an appropriate court for hearing and determination"[10] ("Transfer Provision"). "[S]ection 1902 is 'remedial in nature and designed to prevent a case from being dismissed simply because it was initiated in the wrong Court.'"[11]

**1.    Section 1902 does not permit transfer to the IAB because the IAB is not a court**

Section 1902 requires liberal application of the Transfer Provision.[12] Invoking this mandate, Plaintiff argues that Section 1902 may be construed to

---

[9] 10 *Del. C.* § 1902.

[10] *Id.*

[11] *Nicholas v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 74 A.3d 634, 636 (Del. 2013) (quoting *Family Court of Del. v. Giles*, 384 A.2d 623, 624 (Del. 1978)).

[12] *See id.* ("This section shall be liberally construed to permit and facilitate transfers of proceedings between the courts of this State in the interests of justice."); *Giles*, 384 A.2d at 624 ("According to its express terms Section 1902 should be liberally

provide for transfer to the appropriate "*deciding body* for hearing and determination" and therefore permits transfer to the IAB.[13]  Plaintiff's proposed construction is belied by the Transfer Provision's plain language, which permits transfer "to an appropriate *court* for hearing and determination."[14]  Neither the parties nor the Court have identified a reported decision analyzing whether Section 1902 permits transfer of a civil action to an administrative board.[15]  Therefore, the Court must determine

applied to achieve its purposes."); *accord, e.g.*, *Nicholas*, 74 A.3d at 636 (finding transfer pursuant to Section 1902 appropriate for transferring an appeal filed in Superior Court to the Supreme Court); *Giles*, 384 A.2d at 624–25 (finding transfer appropriate when an administrative appeal was filed in the Superior Court of the incorrect county); *Hanna v. Baier*, 2020 WL 391924, at *2–6 (Del. Super. Jan. 22, 2020) (granting motion to transfer equitable claims filed in Superior Court to the Court of Chancery); *Dunn v. FastMed Urgent Care,* P.C., 2019 WL 4131010, at *18 (Del. Ch. Aug. 30, 2019) (noting that transfer of plaintiff's damages claims to the Superior Court would be proper under Section 1902); *Davis v. Del. Health & Soc. Serv.*, 2010 WL 1502659 (Del. Ch. Apr. 6, 2010) (dismissing plaintiff's claims for lack of subject matter jurisdiction but permitting Section 1902 transfer to the Family Court).

[13] Pl.'s Mot. Transfer 1 (emphasis added).

[14] 10 *Del. C*. § 1902 (emphasis added).

[15] In support of her position, Plaintiff cites various decisions involving Section 1902 transfer and administrative boards.  Those decisions, however, involve transfers of administrative appeals between the courts of separate counties, not transfers between courts and administrative boards, and therefore do not answer the question of whether Section 1902 permits transfer to the IAB.  *See Giles*, 384 A.2d at 624–25 (finding Section 1902 permitted transfer of an administrative appeal from the Superior Court in one county to the Superior Court in another county); *Cooper v. Capitol Nursing*, 2010 WL 3447705 (Del. Super. Aug. 31, 2010) (transferring IAB appeal to Superior Court in a different county); *Red Lobster v. Cole*, 1998 WL 732955 (Del. Super. May 12, 1998) (transferring IAB appeal to Superior Court in a different county); *M & M Hunting Lodge v. DiMaio*, 1991 WL 89802, at *1 (Del. Super. May 10, 1991) ("[T]he Court will transfer this case to Kent County but retain the matter for decision pursuant to 10 *Del. C*. § 1902.  This is done because appellant

5

whether the IAB may be considered a "court" within the meaning of Section 1902 by applying traditional principles of statutory construction.

> The rules of statutory construction are well settled. They are 'designed to ascertain and give effect to the intent of the legislators, as expressed in the statute.' At the outset, the court must determine whether the provision in question is ambiguous. A statute is ambiguous if it is reasonably susceptible of two interpretations. If it is unambiguous, no statutory construction is required, and the words in the statute are given their plain meaning.[16]

To the extent the statute is ambiguous, the Court must consider the statute altogether, reading each section in light of all others to produce a harmonious whole, and "ascribe a purpose to the use of statutory language, if reasonably possible."[17] "Undefined words in a statute must be given their ordinary, common meaning."[18]

Section 1902 unambiguously prohibits dismissal based solely on lack of subject matter jurisdiction and instead permits transfer to the appropriate *court*. The word "court," while undefined, is not susceptible of two interpretations. Courts comprise the judicial branch of Delaware's state government.[19] While the IAB

---

is located in Kent County and the Court wants to insure against any jurisdictional issues should the case be appealed." (citation omitted)).

[16] *Dewey Beach Enters., Inc. v. Bd. of Adjustment*, 1 A.3d 305, 307 (Del. 2010) (citations omitted) (quoting *Chase Alexa, LLC v. Kent Cty. Levy Court*, 991 A.2d 1148, 1151 (Del. 2010)).

[17] *Id.* at 307–08 (quoting *Oceanport Indus., Inc., v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 900 (Del. 1994)).

[18] *Id.* at 307.

[19] Del. Const. art. IV, § 1 ("The judicial power of this State shall be vested in a Supreme Court, a Superior Court, a Court of Chancery, a Family Court, a Court of

serves a quasi-judicial function,[20] it is not part of the judicial branch and therefore not a court.

Assuming *arguendo* that the Transfer Provision is ambiguous, no reasonable interpretation of the statute can transform Section 1902 into a vehicle for transfer to the IAB. "An ambiguous statute should be construed 'in a way that will promote its apparent purpose and harmonize it with other statutes' within the statutory scheme."[21] The General Assembly created the IAB to facilitate the purpose of the WCA, which is to "obviate the need for litigation and to give an injured employee, irrespective of fault, prompt compensation."[22] The IAB cannot simultaneously serve as both a court and a court-substitute. The Administrative Procedures Act (APA)[23] reinforces this conclusion. The APA designates the IAB as an "agency"[24] and expressly excludes "courts" from its definition of "agency."[25] Therefore, for purposes of the APA, it is legally impossible for the IAB to qualify as both a "court" and an "agency."

---

Common Pleas, a Register's Court, Justices of the Peace, and such other courts as the General Assembly . . . shall from time to time by law establish . . . .").

[20] *Application of Diamond State Tel. Co.*, 113 A.2d 437, 449 (Del. 1955) ("The Industrial Accident Board is a quasi-judicial Board performing judicial functions.").

[21] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 933 (Del. 2007) (quoting *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999)).

[22] *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[23] 29 *Del. C.* §§ 10101–10161.

[24] *See id.* § 10161(a)(8).

[25] *See id.* § 10102(1) ("Agency does not include . . . courts . . . .").

The liberal approach required by Section 1902 applies to "transfers of proceedings between the *courts* of this State"[26] and may not be used as a pretense to carry out unauthorized transfers.[27]  The IAB is not a "court"; therefore, Section 1902 does not authorize transfer to the IAB.[28]

## 2.      The Transfer Provision has not been triggered

Even if this Court had authority to transfer under Section 1902, the request is premature absent a determination that this Court does not have subject matter jurisdiction.  The Transfer Provision is implicated only if there is a threshold finding that the Court lacks subject matter jurisdiction.[29]  Where, as here, the parties neither

---

[26] 10 *Del. C.* § 1902 ("This section shall be liberally construed to permit and facilitate transfers of proceedings *between the courts* of this State in the interests of justice." (emphasis added)).

[27] *See Pazuniak Law Office, LLC v. Pi-Net Int'l, Inc.*, 2016 WL 3916019, at *2 (Del. Super. June 30, 2016) (finding Section 1902 did not grant the Superior Court authority to transfer a case to federal district court); *State v. Gibson*, 1994 WL 807897 (Del. Super. Dec. 27, 1994) (finding Section 1902 transfer does not apply to criminal appeals).

[28] Plaintiff cites *Bethlehem Shipbuilding Corp. v. Mullen*, a 1922 decision in which this Court stated that "[t]he effect of the [WCA] is to establish the [IAB] as a court to hear and determine a certain class of cases over which it is given jurisdiction, and the functions of the [IAB] are of a judicial character."  119 A. 314, 316 (Del. 1922). That statement cannot be read in isolation.  The Court in *Mullen* analyzed the effect of procedural rules promulgated by the IAB and, in doing so, analogized the IAB's procedural rules to those promulgated by the Delaware courts. *See id.*  The statement recognizes the powers inherent in the IAB's quasi-judicial functions; it does not recognize the IAB as part of the judicial branch.  Accordingly, the statement does not change this Court's analysis.

[29] The Transfer Provision provides that "[*s*]*uch proceeding* may be transferred to an appropriate court for hearing and determination."  10 *Del. C.* § 1902 (emphasis added).  The words "such proceeding" refer to any "civil action, suit or other

concede lack of subject matter jurisdiction nor ask the Court to rule on the issue, the

Transfer Provision is not triggered.

**C.  Rule 15 does not permit Plaintiff to convert the Complaint into an IAB petition**

Plaintiff next argues that Rule 15 permits Plaintiff to "amend" the Complaint

into a petition to the IAB.  Rule 15 refers to the product of an amendment as an

"amended pleading."[30]  The Superior Court Rules of Civil Procedures clearly limit

the types of "pleadings" permitted in civil actions; an IAB petition is not one of

them.[31]  Accordingly, Plaintiff may not use Rule 15 to convert the Complaint into a

petition to the IAB.

**D.  The Equal Protection Clause of the Fourteenth Amendment does not require transfer to the IAB**

---

proceeding" which would otherwise be dismissed solely because the presiding "court is without jurisdiction of the subject matter."  *Id.*

[30] Rule 15 provides, in relevant part:

> [A] party may amend the party's *pleading* only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an *amended pleading* within the time remaining for response to the original pleading or within 10 days after service of the *amended pleading* . . . .

Super. Ct. Civ. R. 15(a) (emphasis added).

[31] *See* Super. Ct. Civ. R. 7.  Superior Court Rule of Civil Procedure 7 provides:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is served under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  *No other pleading shall be allowed*, except that the Court may order a reply to an answer or a third-party answer.

*Id.* (emphasis added).

9

Finally, Plaintiff argues that not transferring the case to the IAB would violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because the WCA permits some employees to file claims in Superior Court and requires others to file claims with the IAB.[32] Plaintiff's Equal Protection argument is not relevant to this stage in the litigation because the forum in which an employee may file a claim is not relevant to Plaintiff's transfer request. Transfer to the IAB is not permitted under Section 1902 or Rule 15 regardless of whether the requesting employee properly filed in Superior Court. Accordingly, denial of Plaintiff's request to transfer does not violate the Equal Protection Clause.

## II. Plaintiff's Motion to Amend the Complaint

In the alternative to transfer, Plaintiff seeks leave to amend the Complaint to add an uninsured motorist claim against the State. Rule 15(a) provides that where a responsive pleading has already been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave

---

[32] *Compare* 19 *Del. C.* § 2374(e)(3) ("Whoever, being an employer, refuses or neglects to comply with [the WCA's insurance requirements] shall . . . be liable to the employer's injured employees during continuance of such neglect or refusal, either for compensation under this chapter or in an action at law for damages."), *with* 19 *Del. C.* § 2304 ("Except as expressly excluded in this chapter . . . every employer and employee, adult and minor, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment . . . .").

10

shall be freely given when justice so requires."[33] It is well-established that "leave to amend under Rule 15(a) should be freely given unless there is evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, prejudice, futility, or the like,"[34] none of which are present here.[35] Accordingly, the Court shall grant Plaintiff leave to amend the Complaint to add an uninsured motorist claim.

## CONCLUSION

Neither Section 1902 nor Rule 15 permit transfer of this action to the IAB, and the Equal Protection Clause does not require such transfer. In addition, a determination of whether the statute of limitations bars a not-yet-filed IAB petition would amount to an impermissible advisory opinion. Accordingly, Plaintiff's motion to transfer is hereby **DENIED**.

---

[33] Super. Ct. Civ. R. 15(a).

[34] *Kraus v. State Farm Mut. Auto. Ins. Co.*, 2004 WL 2830889, at *6 (Del. Super. Apr. 23, 2004) (quoting *Hess v. Carmine*, 396 A.2d 173, 177 (Del. Super. 1978)).

[35] Defendants argue that Plaintiff's request to amend the Complaint should be denied because it was not raised until Plaintiff submitted the opening brief. The request to amend complies with Superior Court Rule of Civil Procedure 7(b), especially when read in conjunction with Rule 1, which instructs the Court to construe the Rules in a way that "secure[s] the just, speedy, and inexpensive determination of every proceeding." Super. Ct. Civ. R. 1; *see also First State Orthopaedics, P.A. v. Liberty Mut. Ins. Co.*, 2020 WL 764149, at *3–4 (Del. Super. Feb. 13, 2020) ("Although Defendants' Motion was not noticed and it was filed with two other Responses, this Court construes Rule 7(b), when read in conjunction with Rule 1, to permit the Court to consider the merits of Defendants' Motion.").

11

Delaware public policy favors resolution of claims on the merits; therefore, leave to amend a pleading should be freely given. Accordingly, Plaintiff's motion to amend the Complaint to add an uninsured motorist claim is hereby **GRANTED**.

In light of the Court's request for briefing on all issues pending before the Court, the State's motion to strike Plaintiff's November 12, 2019 letter is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**