## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| CAROL HUDSON, | ) | |
| | ) | |
| Appellant/ | ) | |
| Claimant-Below, | ) | |
| | ) | |
| v. | ) | C.A. No. K22A-11-002 NEP |
| | ) | |
| | ) | |
| BEEBE MEDICAL CENTER, | ) | |
| | ) | |
| Appellee/ | ) | |
| Employer-Below. | ) | |

## <u>ORDER</u>

Submitted: September 8, 2023

Decided: September 19, 2023

1. This matter is before the Court on Appellant Carol Hudson's appeal from a decision of the Industrial Accident Board. The Court has identified a jurisdictional defect that neither party raised in its briefings.[1]

2. This Court's jurisdiction to review decisions of the Industrial Accident Board is defined by statute.[2] As relevant here, 19 *Del. C.* § 2349 provides that

---

[1] *See Webster v. Brosman*, 2019 WL 5579489, at \*1 (Del. Super. Oct. 29, 2019) ("Because the parties may not waive subject matter jurisdiction, the Court is independently obligated to ensure that it has jurisdiction over the parties' claims if any doubt exists."); *Christiana Care Health, Servs., Inc. v. Luce*, 2017 WL 1735361, at \*1 (Del. Super. May 2, 2017) (raising *sua sponte* the issue of the Court's subject matter jurisdiction to hear an appeal from the Industrial Accident Board).

[2] *Kenol v. Johnny Janosik, Inc.*, 2011 WL 900588, at \*2 (Del. Super. Mar. 15, 2011); *see also* 19 *Del. C.* §§ 2349–2350.

appeals must be filed in "the Superior Court for the county in which the injury occurred . . . ." This requirement has been construed as jurisdictional.[3]

3. The alleged injury in this case occurred in Sussex County,[4] but the appeal was filed in the Superior Court for Kent County.[5]

4. The Court has provided the parties an opportunity to respond regarding the jurisdictional issue, and both parties agree that this Court lacks jurisdiction to decide this appeal, and that the matter should be heard by the Superior Court for Sussex County.

5. Where, as in this instance, a case has been filed in the Superior Court for the wrong county, it can be transferred to the Superior Court for the correct county pursuant to 10 *Del. C.* § 1902.[6]

Accordingly, jurisdiction in this Court is hereby **DENIED**. Appellant will be allowed 60 days to file a written election of transfer and otherwise satisfy the procedural requirements of 10 *Del. C.* § 1902 so that the appeal may be transferred

---

[3] *See Cooper v. Capitol Nursing*, 2010 WL 3447705, at *1 (Del. Super. Aug. 31, 2010) ("Pursuant to 19 *Del C.* § 2349, the proper jurisdiction for an appeal of an Industrial Accident Board decision is in the county where the injury occurred."); *Irvin-Wright v. State*, 2003 WL 21481004, at *3 (Del. Super. June 16, 2003) (concluding that "the Court also lacks subject matter jurisdiction in accordance with Section 2349" because the appellant had "improperly filed her notice of appeal with this Court instead of with the Superior Court of Sussex County").

[4] *See* R. Tab 1, Claimant's Pet. to Determine Compensation Due.

[5] R. Tab 13, Notice of Appeal.

[6] *See Cooper*, 2010 WL 3447705, at *1 (transferring an appeal from the Industrial Accident Board from New Castle County to Sussex County pursuant to 10 *Del. C.* § 1902); *Red Lobster v. Cole*, 1998 WL 732955, at *1 (Del. Super. May 12, 1998) (transferring an Industrial Accident Board appeal to Kent County); *see also Family Court of Delaware v. Giles*, 384 A.2d 623, 624–25 (Del. 1978) (holding that an appeal from the Equal Employment Review Board filed in the Superior Court in the wrong county should have been transferred to the correct county pursuant to 10 *Del. C.* § 1902 instead of dismissed).

to the Superior Court for Sussex County.  Should appellant fail to do so, the appeal will be dismissed.[7]

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
oc:    Prothonotary
cc:    James R. Donovan, Esquire - *Via File & ServeXpress*
        Keri L. Morris-Johnston, Esquire - *Via File & ServeXpress*

---

[7] *See Cooper*, 2010 WL 3447705, at *1 (explaining that the case would be transferred if the appellant filed in compliance with 10 *Del. C.* § 1902, or the matter would be dismissed).

3