SUPERIOR COURT
OF THE
STATE OF DELAWARE

**NOEL EASON PRIMOS**
*JUDGE*

**KENT COUNTY COURTHOUSE**
**38 THE GREEN**
**DOVER, DELAWARE 19901**
**Telephone (302) 735-2131**

January 8, 2026

Walt F. Schmittinger, Esq.
Schmittinger and Rodriguez, P.A.
414 South State Street
Dover, DE  19903

Cassandra F. Roberts, Esq.
Elzufon Austin & Mondell, P.A.
300 Delaware Avenue, Suite 1700
Wilmington, DE 19899

RE:   **Rhonda Toomey v. Family Dollar Stores**
Case No. K25A-07-001 NEP

Dear Counsel:

This matter is before the Court on Appellant Rhonda Toomey's ("Ms. Toomey") appeal from a June 9, 2025, decision of the Industrial Accident Board (the "IAB") denying her Petition to Determine Additional Compensation Due.  Although neither party raised the issue in its briefing, the Court has identified a potential jurisdictional defect that it is obligated to address.[1]

This Court's jurisdiction to review decisions of the IAB is defined by statute.[2] As relevant here, 19 *Del. C.* § 2349 provides that appeals must be filed in "the

---

[1] *See Webster v. Brosman*, 2019 WL 5579489, at *1 (Del. Super. Oct. 29, 2019) ("Because the parties may not waive subject matter jurisdiction, the Court is independently obligated to ensure that it has jurisdiction over the parties' claims if any doubt exists."); *Christiana Care Health, Servs., Inc. v. Luce*, 2017 WL 1735361, at *1 (Del. Super. May 2, 2017) (raising *sua sponte* the issue of the Court's subject matter jurisdiction to hear an appeal from the Industrial Accident Board).

[2] *Kenol v. Johnny Janosik, Inc.*, 2011 WL 900588, at *2 (Del. Super. Mar. 15, 2011); *see also* 19 *Del. C.* §§ 2349–2350.

Superior Court for the county in which the injury occurred . . . ." This requirement has been construed as jurisdictional.[3]

At the time the Notice of Appeal was filed, the record did not clearly establish the county in which Ms. Toomey's injury occurred, and, as previously noted, neither party addressed the issue in briefing. During its review of the briefing and record, however, the Court flagged the potential jurisdictional issue,[4] and requested an office conference with counsel. During the office conference held on January 5, 2026, counsel stipulated that Ms. Toomey's work injury occurred in Sussex County.

Due to the injury's occurrence in Sussex County, jurisdiction over this appeal lies exclusively in the Superior Court for Sussex County. Accordingly, this Court lacks subject matter jurisdiction to adjudicate the merits of the appeal. Where, as here, an appeal from the IAB has been filed in the wrong county, the proper remedy is transfer, not dismissal, provided the requirements of 10 *Del. C.* §1902 are satisfied.[5]

Accordingly, jurisdiction in the Superior Court for Kent County is **DENIED**. Ms. Toomey shall have sixty (60) days from the date of this Letter Order to file with the Prothonotary for Kent County a written election of transfer[6] and otherwise satisfy

---

[3] *See Cooper v. Capitol Nursing*, 2010 WL 3447705, at *1 (Del. Super. Aug. 31, 2010) ("Pursuant to 19 *Del C.* § 2349, the proper jurisdiction for an appeal of an Industrial Accident Board decision is in the county where the injury occurred."); *Irvin-Wright v. State*, 2003 WL 21481004, at *3 (Del. Super. June 16, 2003) (concluding that "the Court also lacks subject matter jurisdiction in accordance with Section 2349" because the appellant had "improperly filed her notice of appeal with this Court instead of with the Superior Court of Sussex County").

[4] *See* R. at Tab 1, Petition to Determine Additional Comp. Due to Injured Emp. (addressed to the IAB "sitting in and for Sussex County," and listing a Delmar, Delaware, address for Ms. Toomey).

[5] *See Cooper*, 2010 WL 3447705, at *1 (transferring an appeal from the IAB from New Castle County to Sussex County pursuant to 10 *Del. C.* 1902); *Red Lobster v. Cole*, 1998 WL 732955, at *1 (Del. Super. May 12, 1998) (transferring an IAB appeal to Kent County); *see also Family Court of Delaware v. Giles*, 384 A.2d 623, 624–25 (Del. 1978) (holding that an appeal from the Equal Employment Review Board filed in the Superior Court in the wrong county should have been transferred to the correct county pursuant to 10 *Del. C.* § 1902 instead of dismissed).

[6] The written election of transfer should be in a form substantially similar to the following:

2

the procedural requirements of 10 *Del. C.* § 1902 so that the appeal may be transferred to the Superior Court for Sussex County.  Should Ms. Toomey fail to do so, the appeal will be dismissed.[7]

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP/tls
*Via Email*
oc:     Prothonotary

---

Pursuant to 10 Del. C. § 1902, appellant requests that this Court transfer this matter to the Superior Court of Sussex County. In accordance with 10 Del. C. § 1902, appellant asks that all of the papers filed, or copies thereof, and a transcript of the entries, in this Court shall be delivered in accordance with the Rules of the Superior Court, by the prothonotary, clerk, or register of that court to the prothonotary, clerk or register of the court to the Superior Court of Sussex County for a decision to be made on the merits.

[7] *See Cooper*, 2010 WL 3447705, at *1 (explaining that the case would be transferred if the appellant filed in compliance with 10 *Del. C.* § 1902, or the matter would be dismissed).

3